OPINION OF THE COURT
Wachtler, J.
On this appeal we are asked to consider the constitutionality of section 2 of chapter 1080 of the Laws of 1974 (now part of Social Services Law, § 158, subd [a]) which effectively provides, in many cases, that the aged, disabled and blind are *457 entitled to less public assistance than other needy persons. The Supreme Court, New York County, and the Appellate Division, First Department, have held that the statute violates the petitioners’ rights to equal protection as well as section 1 of article XVII of the State Constitution which requires the State to provide for the "aid, care and support of the needy.” The Commissioner of the State Department of Social Services has appealed to this court by leave of the Appellate Division.
Section 2 of chapter 1080 of the Laws of 1974 (Social Services Law, § 158, subd [a]) states that a "person who is receiving federal supplementary security income payments and/or additional state payments shall not be eligible for home relief.”[1]
Supplemental Security Income (SSI) is a Federal program, which went into effect in January, 1974 (see US Code, tit 42, § 1381 et seq.), and is designed to aid all aged, disabled and blind persons who, because of their physical condition, are unable to support themselves. It provides for a flat grant of Federal funds and an optional State supplement (US Code, tit 42, § 1382, subd [b]; § 1382f; § 1382e, subd [a]). New York had previously furnished public assistance to these persons under a program entitled "Aid to the Aged, Blind and Disabled” (AABD) (see former title 6 óf the Social Services Law). However in 1974 the Legislature discontinued the AABD program and adopted a system for supplementing the Federal SSI plan (see Social Services Law, tit 6, entitled "Additional State Payments for Eligible Aged, Blind and Disabled Persons”). At the present time SSI is administered entirely by the Federal Government which also pays all costs of administration (US Code, tit 42, §§ 1383b, 1382e).
Home relief is a State public assistance category, established by the Social Services Law which, together with veterans’ assistance and aid to dependent children (ADC) provides *458 for the needs of those who are unable to support themselves (Social Services Law, § 131-a). Home relief is actually a residual category which is intended to furnish aid to any person "who is not receiving needed assistance or care under other provisions of this chapter, or from other sources” (Social Services Law, § 158, subd [a]). Like all State public assistance programs, home relief is administered by the State and local social service offices (Social Services Law, § 131-a, subd 1).
The amount of public assistance a person actually receives under any of these programs depends upon his "standard of monthly need.” There are in fact two distinct standards of monthly need: one for the aged, disabled and blind (Social Services Law, § 209, subd 2), and the other for all other classes of needy persons (Social Services Law, § 131-a, subd 2). Subdivision 2 of section 209, insofar as it is applicable to this appeal, establishes the monthly needs of the aged, blind and disabled as follows: "(a) For an eligible individual living alone, $218.55; and for an eligible couple living alone, $312.54.” The difference between the monthly need and the Federal grant is satisfied by the State supplement (Social Services Law, §§ 207, 209, subd 1, par [a]). With respect to all other needy persons subdivision 2 of section 131-a of the Social Services Law establishes the standard monthly need according to the following schedule:
[[Image here]]
"In addition to the above, the standard of need shall include amounts for shelter and fuel for heating” (emphasis added; see, also, Social Services Law, § 131-a, subd 3).
Thus all needy persons, except the aged, blind and disabled receive a fixed amount, depending on the number of persons in the household, and an additional amount for actual shelter costs which, according to regulation, is fixed at a maximum of $152 a month (18 NYCRR 352.3 [a] [2]). The State claims, and it is conceded, that in most cases the SSI payment exceeds the amount an individual would receive if he were dependent on home relief or any other category of public assistance. But, in many cases, the effect of the statutory scheme is that those who are unable to support themselves because of age, or disability or blindness receive less public assistance than other *459 needy persons who do not suffer from these disabilities. The cases now before us illustrate the point.
The petitioner Annie Lee, for instance, is blind in one eye, partially blind in the other and suffers from diabetes. When this proceeding was commenced in June of 1976 she was 62 years old and lived alone in an apartment in New York City. She received $218.55 a month in Supplemental Security Income. This was her only source of income. After paying her rent of $180 a month she was left with $38.55 to meet her other monthly needs. In 1975 she applied for home relief. Under that program her needs would include a flat grant of $94 (for a person living alone), and $152, the maximum allowed for actual shelter costs for a person living alone in New York City (Social Services Law, § 131-a, subd 2; 18 NYCRR 352.3 [a]). She sought assistance in the amount of $27.45 a month—the difference between her needs established pursuant to subdivision 2 of section 131-a of the Social Services Law ($246) and her actual income from the Federal program ($218.55). The application however was denied solely because of her status as an SSI recipient (L 1974, ch 1080, § 2; Social Services Law, § 158, subd [a]).
The other petitioners are also residents of New York City who are unable to work because of physical disability[2] and are recipients of SSI in an amount less than they could receive under the home relief program. Their applications for home relief, in varied amounts, were also denied because they were disabled and derived their income from SSL
On this appeal the State urges that subdivision (a) of section 158 of the Social Services Law is constitutional insofar as it bars SSI recipients from access to home relief. Although this often means that the aged, disabled and blind will receive less public assistance than other needy persons the State claims that there is no denial of equal protection because the recipients in both categories are treated alike in that they are all granted amounts which satisfy their "standard of monthly *460 need” as established by the Legislature. It is urged that the Legislature acted reasonably in recognizing the aged, blind and disabled as a distinct category of needy persons and in separately computing their "standard of monthly need” in a manner different from that used in determining the needs of other recipients of public assistance. It is noted that if the State contributions to SSI did not follow the Federal pattern— that is a flat grant rather than a flexible one reflecting the actual shelter costs—the Federal Government would not administer the program or pay for the costs of administration. The State also argues that the "substantial advantages of administration of SSI by HEW would be lost if SSI recipients who had undertaken high shelter costs were permitted to receive state administered assistance [i.e., home relief] as well. Since separate eligibility determinations would have to be made in each instance the advantage of reduced administrative caseload would be lost.”
 As indicated at the outset, the State is constitutionally charged with providing "aid, care and support of the needy” (NY Const, art XVII). This we have recently held "imposes upon the State an affirmative duty to aid the needy” (Tucker v Toia, 43 NY2d 1). The Constitution also authorizes the Legislature to create categories of public assistance and to determine the needs of individuals in those categories (Tucker v Toia, supra). But under the equal protection requirements of the State and Federal Constitutions (NY Const, art I, § 11; US Const, 5th, 14th Arndts) any classification which denies to one class of needy persons public assistance which is available to all others, cannot be justified unless it is rationally related to a legitimate State interest (see, e.g., United States Dept, of Agrie, v Moreno, 413 US 528; cf. Matter of Padilla v Wyman, 34 NY2d 36; see, also, Matter of Bernstein v Toia, 43 NY2d 437 [decided herewith]).
Classification of the aged, disabled and blind into a separate public assistance category with needs different from other needy persons is not unusual, nor is it usually considered discriminatory. Generally however the classification inures to their benefit and is sustained on the theory that it is not irrational for the State to conclude that the aged and disabled are "least able * * * to bear the hardships of an inadequate standard of living” (Jefferson v Hackney, 406 US 535, 549). Thus if the State’s classification had also recognized their needs at a level equal to or greater than the needs of others *461 generally, the separate treatment would find support in reason and authority.
But it is hard to imagine how the State could reasonably conclude that needy persons who are also aged, disabled or blind would have lesser needs than needy persons not suffering from these disabilities. Indeed on this appeal the State does not argue that subdivision (a) of section 158 of the Social Services Law insofar as it establishes the needs of many aged, disabled and blind persons at a level less than those in all other classes, is based on any rational distinction between their actual or general fiscal needs and the needs of those in the other categories. Instead it is urged that the disparate treatment is rationally related to other legitimate concerns— administrative necessity and costs.
It is conceded that if the State wishes to have the Federal Government assume administration, and costs of administering the SSI program the State supplements must consist of a flat grant. It is also conceded that if the needs of the aged, disabled and blind were computed according to the standards pursuant to subdivision 2 of section 131-a of the Social Services Law the State supplements would not satisfy the Federal requirement and that establishment of the separate standard of need under subdivision 2 of section 209 of the Social Services Law insures that the Federal Government will assume the cost of administering the SSI program. The State urges that it "was altogether reasonable for the Legislature of New York to accept HEW’s administration of SSI grants and to establish the standards of need for those recipients in a manner different from that used in State administered programs. The savings from the reduction in administrative costs can be used in other ways which benefit the” aged and disabled.
This of course is a legitimate State interest. But it should be noted that the petitioners are not asking the State to alter the method for computing the State’s contributions to the SSI program. In fact the petitioners are not requesting increased SSI payments. They are seeking direct State aid in the form of home relief. There is nothing to indicate that the granting of that relief would jeopardize the State’s interest in insuring that its contributions to the SSI program satisfy Federal requirements. Thus although the State may have a legitimate interest in seeing that the Federal Government continues to bear the costs of administering the SSI program, *462 subdivision (a) of section 158 of the Social Services Law, insofar as it denies home relief to all SSI recipients, bears no rational relationship to that objective.
The State also urges that the statute serves to reduce the home relief caseload and thus preserves for the State the "substantial advantages of administration of SSI by HEW”. There is little doubt that the statute can be expected to further that objective. Declaring SSI recipients, or any other class of needy persons, ineligible for home relief undoubtedly reduces the home relief caseload but not in a rational manner.
The fact that the aged, disabled and blind receive income in the form of SSI furnishes no basis for distinguishing them from all other persons seeking public assistance. The State does not deny home relief to other needy individuals who receive income from other sources. Instead it has provided that they are entitled to home relief for the difference between the income they do receive and their standard of monthly need (Social Services Law, § 131-a, subd 3).[3] And although the State has a valid reason for establishing a different standard of need for the aged, disabled and blind in computing the State’s contribution to the SSI, there is no reason for applying this different standard in determining their eligibility for home relief.
It is true of course that determining the eligibility of the aged, disabled and blind for home relief will entail some administrative cost to the State. At the present time the State pays for the cost of administration in connection with providing aid to all needy persons—except the aged, blind and disabled. They are the only persons who are denied State aid because of the administrative costs the State would incur in providing it. While the State may have a legitimate interest in reducing the costs of administering the home relief program, it may not accomplish this result by arbitrarily denying one class of persons access to public funds available to all others (cf. Matter of Padilla v Wyman, 34 NY2d 36, supra).
 Furthermore, in New York, the State’s obligation to provide for the needy (NY Const, art XVII) includes the usual costs of administration (see, e.g., Tucker v Toia, 43 NY2d 1, *463 supra). While the State’s adoption of the SSI program means that the Federal Government generally assumes the costs of administration in providing for the aged, disabled and blind, the State’s duty remains. The obligation cannot be avoided by irrevocably assigning the aged, disabled and blind to the Federal program without recourse to State aid, when in many cases this means that they must survive on lesser amounts than are granted to other needy persons in the State.
In sum we agree with the courts below that subdivision (a) of section 158 of the Social Services Law, as amended (L 1974, ch 1080, § 2), is unconstitutional because it violates the equal protection guarantees of the State and Federal Constitutions as well as article XVII of the State Constitution.
The order of the Appellate Division should be affirmed.

. The chapter also provides that "An applicant for home relief who reasonably appears to meet the criteria for eligibility for federal supplemental security income payments shall be required, as a condition of eligibility for home relief, to apply for such payments and shall, if otherwise eligible therefor, be eligible for home relief until he has received a federal supplemental security income payment. Such applicant shall also be required, as a condition of eligibility for home relief, to sign a written authorization allowing the secretary of the federal department of health, education and welfare to pay to the social services district his initial supplemental security income payment and allowing the social services granted for any month in which he had applied for and been found eligible for supplemental security income benefits.”

. Petitioner Louisa Ortiz is not personally disabled. However her husband is unable to work because of disability and he receives SSI payments which include an additional amount for petitioner who is considered an "essential person” in his household (see 87 US Stat 152, § 211, as amd by 87 US Stat 947, § 4). Because of her status as an "essential person” under the SSI program the commissioner initially determined that she was an SSI recipient within the meaning of subdivision (a) of . section 158 of the Social Services Law, as amended (L 1974, ch 1080, § 2), and thus not entitled to home relief (see, also, Matter of Arnold v Reed, 43 NY2d 829 [decided herewith]).

. This should dispel any notion that subdivision (a) of section 158 of the Social Services Law, as amended (L 1974, ch 1080, §2), is necessary to avoid duplicate awards. Although it has been suggested that it would have this effect (see NY Legis Ann, 1974, pp 145, 147) the State does not urge on this appeal that it reasonably furthers this limited objective.