In the Matter of FRANK MASTAN, Respondent, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, et al., Appellants.

Third Department, December 29, 1977

## APPEARANCES OF COUNSEL

*Robert Lyman, County Attorney,* and *Philip R. Murray (David A. Dietrich* of counsel), for John Fahey, appellant.

*Louis J. Lefkowitz, Attorney-General (Clifford A. Royael* and *Jean M. Coon* of counsel), for Philip Toia, appellant.

*V. Jerome Luhn* and *Diane Withiam* for respondent.

## OPINION OF THE COURT

GREENBLOTT, J.

The facts are not in dispute. Petitioner is a disabled person eligible for participation in the Federal Supplemental Security Income program (SSI) (US Code, tit 42, § 1381 *et seq.*). Petitioner had been receiving SSI payments, but they were suspended as of October 1, 1976 to allow recovery of overpayments. Petitioner requested a hearing to challenge the suspension, but the record does not indicate when that hearing is to take place. In the interim, no SSI payments are to be made.

Petitioner was given emergency assistance by the local social services agency, but his application for ongoing home relief was denied. Appellant Toia affirmed the denial of home relief after a fair hearing. Commissioner Toia determined that section 142 of the Social Services Law barred payment of home relief assistance since petitioner remained eligible for SSI benefits after his suspension.

Supreme Court annulled the determination, ordering appellants to grant home relief retroactive to the date of petitioner's original application. Supreme Court held that petitioner was not receiving benefits and, thus, was not ineligible for home relief by virtue of sections 142 and 158 of the Social Services Law. The commissioner and local agency appeal.

Sections 142 and 158 of the Social Services Law exclude persons receiving SSI benefits from eligibility for home relief. The statutes use the word "receiving" SSI benefits, section 158 of the Social Services Law having been amended from its previous requirement that the recipient of home relief not be "eligible for" SSI benefits (L 1975, ch 198). A plain reading of the statutes indicates that it is the current reception of and not merely the eligibility for SSI benefits that is cause for disqualification from home relief.

Appellants argue that the amendment was designed to provide assistance to needy applicants who had not yet received SSI payments for which they were eligible. Such an interpretation finds support in the Governor's memorandum accompanying the bill (NY Legis Ann [1975] 424). This argument, however, does not address the problem at bar. Assuming that the amendment was designed to aid those awaiting SSI payments, the statute does not specifically bar from home relief a person who was receiving SSI benefits and subsequently was cut off from that source. That person is not

receiving SSI benefits and, no matter what the intendment of the statute, he fits into its plain language. Even appellant Toia's own regulations provide that the applicant must be *receiving* the Federal payments before he can be denied home relief (18 NYCRR 370.4 [e]).

Our holding today gives effect to the purposes of the social services statutes and is in consonance with the constitutional directive to aid the needy (NY Const, art XVII, § 1; *Tucker v Toia,* 43 NY2d 1). Where a statute is open to interpretation, there is a conflict between the court's unwillingness to interfere with the commissioner's interpretation and the presumption in favor of a needy applicant. In this case, the statute clearly favors the applicant, and the favorable interpretation must be upheld.

We realize that petitioner's recovery of home relief shields him from the effects of the Federal recoupment. But in the absence of any allegations or proof that overpayments were obtained through petitioner's fraudulent acts, we cannot say that section 158 should not be applied to petitioner, admittedly a person in need of assistance. Indeed, petitioner is pursuing his Federal remedies and may eventually be vindicated on his claim that recoupment is unwarranted. We note that the petitioner and appellant Fahey have agreed that if the petitioner should successfully recover any SSI benefits, he will reimburse the county accordingly.

In any event the Court of Appeals has voided subdivision (a) of section 158 *(Matter of Lee v Smith,* 43 NY2d 453), and we can find no lawful basis for denying petitioner's home relief due to past receipt of or current eligibility for SSI benefits.

The judgment should be affirmed, with costs.

KOREMAN, P. J., LARKIN and MIKOLL, JJ., concur; KANE, J., concurs in the result only.

Judgment affirmed, with costs.