OPINION OF THE COURT
Meyer, J.
A Supplemental Security Income (SSI) payment to which a home relief recipient would be entitled were the payment not being withheld by the Federal Government to recoup overpayment made because of its error is not available to, or being received by, the home relief recipient and may not be counted as income of the recipient in computing the home relief payment to be made to him or her. The order of the Appellate Division should, therefore, be reversed and the determination of the Commissioner of Social Services should be annulled to the extent inconsistent with this opinion.
Petitioner at the time of the home relief application here in question was 91 years of age and was receiving Social Security■ (OASDI) and SSI benefits. She resides with her niece who receives neither Federal nor State assistance benefits. Petitioner had been receiving OASDI of $114.10 and SSI of $79.90, but the Social Security Administration, concluding that it had erred in computing petitioner’s grant, reduced the SSI payment to $12.42 and, thereafter, suspended payment of the $12.42 amount to which petitioner was entitled in order to recoup the overpayment previously made to her through the administration’s error. The overpayment was the result of calculating petitioner’s grant at the payment level for an individual living alone whereas petitioner, because she was living with her niece and not paying her pro rata share of the living expenses, was entitled only to the benefit payable to a person living in the household of another.
Because petitioner was thus reduced to her OASDI pension of $114.10 per month on which she could not subsist, she applied in April, 1978 for a home belief grant. The New York City Department of Social Services denied the *103 application entirely because the Social Security Administration was recouping its SSI overpayment. On fair hearing, however, the State commissioner, applying our holding in Matter of Lee v Smith (43 NY2d 453), held that all home relief could not be denied because her public assistance needs were greater than her countable income even with the $12.42 SSI payment, and directed the city agency “to provide a supplemental grant of home relief with countable income consisting of the correct benefit level, including the$12.42recoupment” (italics supplied).
Petitioner then began this article 78 proceeding to review the State commissioner’s ruling as to computation of computable income. Special Term dismissed the proceeding holding that the prior SSI overpayment constituted a prepayment of income which respondents could take into account in determining the proper home relief allowance. The Appellate Division affirmed, without opinion, and we granted leave to appeal in order to resolve the conflict of its decision with the holding of the Third Department in Matter of Mastan v Fahey (60 AD2d 304). Petitioner argues both that the computation made is incorrect under governing statute and regulation and that it constitutes a denial of equal protection. We reverse on the first ground and, thus, need not reach the constitutional question.
Eligibility for home relief is determined by section 158 of the Social Services Law. That section provides that “A person who is receiving federal supplemental security income payments * * * shall not be eligible for home relief” (italics supplied) * and section 142 of the same law mandates that “No person receiving federal supplemental security income payments * * * shall for the same period receive any other of such forms of assistance” (italics supplied) . A person who is not receiving a payment because of a prior prepayment cannot in any realistic sense be said to be receiving the payment and certainly is not receiving the payment for the same period. Indeed, the rationale of Spe *104 cial Term was not that it was paid for the same period but that because it was paid in an earlier period it need not be paid in the present period.
The conclusion we reach is consistent with our holdings in Matter of Harbolic v Berger (43 NY2d 102) that so much of a recipient’s pay as is withheld for taxes is not “available income” and, therefore, cannot be considered in computing minimum level subsistence benefits, and in Matter of Dumbleton v Reed (40 NY2d 586) that a similar deduction for the employee-recipient’s Social Security tax is not “income available” to him in determining eligibility for Medicaid benefits. It is, moreover, a conclusion mandated not only by the wording of the statute sections referred to, but also by the regulations governing eligibility.
Thus, 18 NYCRR 352.16 (a) provides that: “All income and resources of an applicant * * * shall be considered in order to determine its availability * * * and, when determined to be available, after policies governing the exemption and disregard of such income and resources have been applied, shall be applied towards meeting the needs of an individual.” Similarly, but in another context, 18 NYCRR 352.17 (b) (4) directs that “When wages are garnisheed, property income assigned, bank accounts attached, or other cash income is unavailable to the applicant or recipient, such income shall not be applied against need until and unless the agency can secure a release from such restriction” (italics supplied). Federal recoupment most assuredly makes the $12.42 here in contest unavailable to petitioner and, therefore, proscribes its application against need. Consistent with that interpretation is 18 NYCRR 352.31 (a) (2) which directs that “All available and unrestricted income of an applicant * * * shall be prorated and applied against his needs” (italics supplied). The $12.42 which the agency seeks to apply against need is clearly not available to her or unrestricted and the fact that at some time in the past she received, through error of the Federal administration, more than technically she should have does not furnish her with funds with which to meet her present needs.
Within the strictures of the constitutional provision construed in Matter of Lee v Smith (supra), the Legislature *105 may determine that receivable but in fact unreceived income is to be counted in determining need and the commissioner may, to an extent consistent with both Constitution and legislation, provide by regulation what shall be counted. Here, however, neither statute nor regulation support the determination made. It must, therefore, to the extent sought to be overturned by petitioner, be annulled.
Accordingly, the order of the Appellate Division should be reversed, with costs.
Chief Judge Cooke and Judges Jasen, Garrielli, Jones, Watchler and Fuchsrerg concur.
Order reversed, with costs, and the determination of the commissioner annulled in accordance with the opinion herein.

 The two preceding sentences of section 158 also use the word “receiving”. Also pertinent is the fact noted in Matter of Mastan (supra), that the words used in the prior version of section 158 were “eligible for” rather than “receiving”.