■ In the Matter of BERNICE D. FREY, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner, dated August 26, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency to delete petitioner's shelter allowance and deny her application for a grant to pay mortgage arrears, etc. Proceeding dismissed as academic, without costs or disbursements. In *Matter of Bryant v D'Elia* (77 AD2d 590, 594) we held that "Petitioner is entitled to retroactive [shelter] benefits only if present payment of those benefits will result in the mortgagee's forbearance from prosecuting its foreclosure action so as to provide petitioner with a reasonable opportunity to bring her mortgage payments current." Since, as petitioner concedes, her mortgage has now been foreclosed, and the property sold, she is not entitled to retroactive benefits. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ In the Matter of ANN GREEN et al., Respondents, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State commissioner which, after a hearing, affirmed a determination of the local agency relating to the adequacy of a grant of home relief to petitioner Green, the appeals are from so much of a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated December 26, 1979, as, (1) granted the petition to the extent of annulling the determination, (2) directed that petitioner Green be provided with retroactive benefits and that she be provided with home relief benefits according to the amount of supplemental security income which she actually receives, and (3) granted class action status. Judgment modified, on the law, by deleting therefrom the third decretal paragraph. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Special Term properly determined that a supplemental security income recipient is entitled to have her grant of home relief determined according to the amount of benefits that she is actually receiving, rather than the amount that the recipient is eligible to receive (see Social Services Law, § 131-a; 18 NYCRR 352.11 [a], 352.16 [a]; 352.32; *Matter of Wasservogel v Blum,* 54 NY2d 100; *Matter of Mastan v Fahey,* 60 AD2d 304). In light of petitioners' failure, *inter alia,* to move pursuant to CPLR 902 for an order to determine whether this proceeding should be maintained as a class action, it was error to grant class action certification (see *O'Hara v Del Bello,* 47 NY2d 363). Hopkins, J. P., Titone, Rabin and Margett, JJ., concur.                    ₒ