OPINION OF THE COURT
Allen Murray Myers, J.
In this action, plaintiff challenges the defendants’ policy of denying all cash public assistance to employed applicants when the applicants’ gross income exceeds 150% of the statutory standard of need as calculated by the defendants. Concededly, the defendants are acting pursuant to the authority of section 131-a (subd 10, par [a]) of the Social Services Law which was enacted to implement the Federal Omnibus Budget Reconciliation Act (95 US Stat 357 [OBRA]).
Plaintiff has commenced this action individually and on behalf of all others similarly situated for a declaratory judgment that subdivision 10 of section 131-a of the Social Services Law[1] is violative of section 1 of article XVII of the New York State Constitution;[2] that the implementation of *186 said statute as applied to her and the class by the City and State Departments of Social Services denies her and the class the equal protection of the laws guaranteed by section 11 of article I of the New York State Constitution;[3] for a permanent injunction against the defendants, the State and City Departments of Social Services, and enjoining further enforcement of said statute; annulling the decision of the defendants denying public assistance to plaintiff and members of the class, and directing retroactive payment of „ public assistance benefits to them.
Plaintiff has now moved for an order pursuant to CPLR 902, 6301 and 3211: (1) determining that this action be maintained as a class action, (2) enjoining defendants from applying said statute to deny public assistance to members of the plaintiff class, and (3) granting summary judgment to the class for the relief demanded in the complaint.
The defendants, Perales and Krauskopf, as the Commissioners of the State and City Departments of Social Services, respectively, have cross-moved for summary judgment on the ground that there are no triable issues of fact and that there is no merit to the cause of action asserted in the complaint. They also oppose class action treatment.
FACTS
Plaintiff Zoraida Velasquez, a divorced working mother and caretaker of three children, aged 6, 13 and 19, was receiving public assistance until December, 1982, in the category of Aid to Families with Dependent Children (AFDC).
On July 28,1982, plaintiff was notified by the New York City Department of Social Services (City DSS) that her public assistance grant would be terminated because her total income was in excess of 150% of the State’s standard of need for a family of three in New York City.
Plaintiff requested and was granted a “fair hearing” by the New York State Department of Social Services (State *187 DSS). This resulted in a decision dated November 10,1982 affirming the termination of public assistance to the plaintiff.
Plaintiff instituted this action by the service of a summons and complaint on or about March 10, 1983, and moved for a preliminary injunction to direct the defendants to continue the plaintiff’s public assistance payments pending the determination of this action. The preliminary injunction was granted by Justice Fraiman in a decision dated March 21, 1983 and order filed on April 15, 1983.
The “decision after fair hearing” found: “On July 28, 1982, the agency [New York City Dept, of Social Services] determined to discontinue the appellant’s assistance because the household’s gross income was in excess of 150 percent of the state standard of need for a family of its size. The agency computed the household’s monthly standard of needs to be $424.00; and 150% thereof to be $636.00; and the household’s gross income to be $676.00 monthly which is in excess of 150% of the state standard of need for a family of three.”[4] The decision to terminate public assistance was therefore justified pursuant to section 131-a of the Social Services Law (18 NYCRR 352.2 et seq.).
In 1982, Velasquez’ average net or available income after deductions for taxes, child care and allowable work expenses was $334.44 per month, calculated as follows:
Gross Income $599.38
Federal Income Tax $20.49
State 7.69
FICA 40.16
Actual Allowable
Work Expenses 66.60
Child Care 130.00 264.94
Net or Available
Monthly Income $334.44
*188 Thus, Velasquez’ net or available income was $90 less than the statutorily established standard of need (i.e., $90 less than a welfare grant) for a family of three in New York City.
It is conceded that were it not for the 150% rule, Velasquez would continue to be eligible for public assistance each month although in a reduced amount, i.e., the difference between $334 (available éarned income) and $424 (monthly standard of needs). It is this deficiency of $90 which the plaintiff needs to survive and seeks as a home relief grant to sustain herself and her children.
It is irrational and indeed ironic, that if Velasquez had not gone to work she would have received a full monthly welfare grant of $424, but because she had gone to work (even though she earns “available income” of only $334) she cannot even receive the necessary $90 to bring her available income up to the level of a welfare grant!
The identical issues involved in this case have been carefully considered by Supreme Court Justice Swartwood sitting in the Chemung County Special Term (Tompkins County, index No. 82-913). In a well-reasoned opinion, dated February 23,1983, he held that subdivision 10 of section 131-a of the Social Services Law and 18 NYCRR 352.18 are unconstitutional to the extent they deny State public assistance to individuals solely on the basis of their gross income exceeding 150% of the established standard of need. After carefully considering the papers submitted to me, I have come to the same conclusion. I quote from his opinion because it is not reported and it expounds my reasoning as well. The case is Jones v Blum.
“By enacting the 150% rule the Legislature has refused to aid the petitioner, who is needy as defined by state statute and regulation solely on the basis of criteria having nothing to do with need. While it may be that an individual can have no available income without gross income, gross income does not bear any usual or necessary correlation to available income. This fact is at least implicitly recognized in the Social Services Law § 131-a[l] and [2], [6][d] and [8] and the regulations that accompany them. Furthermore the irrelevance of gross income to the available income is *189 amply illustrated by the facts in this case. The respondent Social Services concedes that even when applying its own standards the petitioner needs $161.66 more than she has available to her just to sustain herself and her two children. [In the case at bar, the sum would be $90.]
“Although the federal statute and regulation under AFDC apply the 150% of gross income rule without any deduction or disregard of such work related items as necessary child care expenses that does not relieve the state under its constitutional mandate from the necessity of taking into consideration such expense either in calculating available income before applying the 150% rule or otherwise adjusting for this expense when not to do so ignores the conceded need of the working poor. This does not relate to how much relief is to be given but to a denial of aid to this group of persons in actual need by taking into account income that is in fact not available when such income is not considered available to others in calculating need. (cf. Matter of Lee v. Smith, supra 43 NY2d 453).
“For these reasons Social Services Law § 231-a[10] and 18 NYCRR 352.18 are an unconstitutional limitation on the State’s obligation to aid the needy. (Tucker v. Toia, supra 43 NY2d 1, 8).”
I am also of the opinion that the Court of Appeals decision in Matter of Lee v Smith (43 NY2d 453) is dispositive of the issue in this case.
Plaintiff’s motion for summary judgment is granted in all respects as well as plaintiff’s motion that this action be maintained as a class action. The cross motion of the defendants for summary judgment, dismissing the complaint, is denied.

. “Notwithstanding the provisions of this section or any other law to the contrary, no person or family shall be eligible for home relief, aid to dependent children or veteran assistance for any month in which the total income of the family, excluding benefits received under such programs and without application of the income exemptions and disregards as provided in subdivision eight of this section, exceeds one hundred fifty percent of the standard of need for a family of the same composition.” (Social Services Law, § 131-a, subd 10, par [a].)

. “The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.” (NY Const, art XVII, § 1.)

. “No person shall be denied the equal protection of the laws of this state or any subdivision thereof. No person shall, because of race, color, creed or religion, be subjected to any discrimination in his civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision of the state.” (NY Const, art I, §11.)

. Plaintiff’s 19-year-old daughter is a full-time student who has no income other than her tuition assistance. Upon reaching the age of 19, she ceased to be eligible for AFDC as part of plaintiff’s household. All references to the standard of need for plaintiff’s family exclude the needs of the 19-year-old daughter, even though plaintiff in fact contributes to her support.