OPINION OF THE COURT
Richard W. Wallach, J.
The nine plaintiffs here are among the homeless who live in shelters or on the city streets; an additional common bond between them is that they are all dischargees from State psychiatric care facilities who claim that this status entitles them to a treatment plan which includes residential housing. The defendants are the Governor and the two State Commissioners of the Office of Mental Health and the Department of Social Services from whom this right is claimed. Following a decision on March 27,1984, by the Court of Appeals that at least certain aspects of the claims advanced by plaintiffs are justiciable and a remand of the case for determination on the merits (61 NY2d 525), three motions are now presented for disposition:
i. defendants’ motion for joinder of additional PARTIES DEFENDANT AND A STAY:
Motion by defendants for an order directing joinder of additional defendants, namely (i) the Society of New York Hospital (Society) and (ii) collectively two New York City Commissioners and two agencies under their direction and control (City agencies) as necessary parties under CPLR 1001, together with a stay of the action pending such joinder, is denied. Such joinder is opposed by plaintiffs as well as Society and the City agencies, who have convincingly demonstrated that plaintiffs can obtain the full relief to which they may be entitled without such joinder. The Society and the City agencies (who have appeared and been fully heard on this motion) are in a far better position to assess whether they will suffer any prejudice or be inequitably affected by any ultimate judgment in this action than the present defendants, and these proposed additional defendants discern none. To the extent that a judgment adverse to the present defendants may require some cooperative action by the Society or the City agencies, they stand ready to perform their duty without demur. Joinder of these acquiescent and *250 nonadversarial parties would only serve to impede and delay disposition of plaintiffs’ claims without any visible benefit. It therefore follows that defendants’ motion for a stay is also denied as moot, which clears the way for consideration of defendants’ motion to dismiss the complaint under CPLR 3211 (subd [a], par 2) for lack of subject matter jurisdiction and under CPLR 3211 (subd [a], par 7) for failure to state a cause of action. This motion is granted in part and denied in part as follows:
ii. defendants’ motion to dismiss the complaint:
Plaintiffs purport to state in their complaint 11 separate causes of action set up as “Counts”. Preliminarily it is noted that no attack whatever is made upon count IX based upon violation of the Federal Mental Health Systems Act (US Code, tit 42, §9401 et seq.) and the Community Mental Health Centers Extension Act (US Code, tit 42, § 2689 et seq.), nor upon count X based upon violation of the Federal Special Health Revenue Sharing Act (US Code, tit 42, § 246). It follows that these counts may be realleged in the amended complaint which is directed to be served.
(2) Count I purports to rest upon continued violation of “plaintiffs’ rights under the Fifth and Fourteenth Amendments to the United States Constitution to receive treatment * * * and to receive such treatment in the least restrictive environment” and “plaintiffs’ rights to personal security and freedom from harm protected by the Fifth, Eighth and Fourteenth Amendments.” These allegations fail to state a cause of action. Basically, there is no Federal constitutional right to treatment at public expense (Pennhurst State School v Halderman, 451 US 1, 16, esp n 12; O’Connor v Donaldson, 422 US 563, 573, 587-589; Rone v Fireman, 473 F Supp 92, 119; Ellen S. v Rhodes, 507 F Supp 734, 738; Flakes v Percy, 511 F Supp 1325, 1337; Eckerhart v Hensley, 475 F Supp 908, 914). A different conclusion might follow if the liberty interest of any of plaintiffs were alleged to have been restricted but these plaintiffs are not presently under any restraint or confinement by defendants or any other State instrumentality. It is only confinement of the patient that triggers a Federal constitutional obligation upon a State to provide him with treatment in “the least restrictive environment” (Youngberg v Romeo, 457 US 307, 317, 319; see, also, Pennhurst State School v Halderman, supra, at p 29; Garrity v Gallen, 522 F Supp 171; Patton v Dumpson, 425 F Supp 621, 624). Accordingly, this count is dismissed.
(3) In count III of the complaint, plaintiffs attempt to construct a cause of action to compel the State to provide *251 “adequate care and treatment in the least restrictive environment” bottomed upon the New York Constitution (art XVII, §§ 1, 4) as well as the following provisions of the State Mental Hygiene Law: sections 7.01, 7.05, 7.07, 33.03, 41.25, 43.01. Of course there is nothing to prevent a State from providing a program with higher constitutional standards than that which is commanded by Federal law. However in this instance, the court finds that the State has not done so. The cited sections of the Mental Hygiene Law do not, as plaintiffs argue, provide a “comprehensive mandate” to furnish to plaintiffs with any particular level of care and treatment. On the contrary these provisions define the general mission, or goal of the Office of Mental Health, and were not designed by the Legislature to vest particular rights in the public at large. Here too, in the correlative State constitutional and statutory setting, the New York courts have firmly linked the “right to adequate treatment” to those whom the State has either confined or assumed custody over (e.g., Matter of Kesselbrenner v Anonymous, 33 NY2d 161; Renelli v State Comm. of Mental Hygiene, 73 Misc 2d 261; Matter of Graham S., 78 Misc 2d 351; Matter of Leopoldo Z., 78 Misc 2d 866; Matter of David M., 77 Misc 2d 491). Since plaintiffs are not presently in the care or custody of the State, they have no general claim to a particular type of care and treatment whether “least restrictive” or otherwise. Accordingly, count III of the complaint must likewise be dismissed.
(4) Count II of the complaint, however, which rests upon alleged violation of plaintiffs’ rights to equal protection of the law under both Federal and State Constitutions is not subject to the same infirmity. This count is supported by allegations and proof by way of affidavit showing that defendants do in fact provide appropriate residential placement, care and supervision to some patients who are discharged from State psychiatric facilities, but that plaintiffs, by virtue of the greater severity of their illnesses, are refused such treatment and consigned to life on the New York City streets. Such a paradoxical administration of public charitable resources — that the more severely handicapped are allotted, for that reason, less assistance than to others in the same class — has been held violative to both New York and Federal equal protection guarantees (Matter of Lee v Smith, 43 NY2d 453; Matter of Patricia A., 31 NY2d 83). This cause of action must be sustained together with count VIII of the complaint which, resting upon similar allegations, relies upon section 504 of the Rehabilitation Act of 1973 (US Code, tit 29, § 794). That statute, sometimes referred to as a bill of rights for the mentally and physically handicapped, provides in pertinent *252 part: “No otherwise qualified handicapped individual * * * shall, solely by reason of his handicap, be excluded from the participation” (in any Federally assisted program), nor may such a person be discriminated against once admitted to the program. Thus, plaintiffs have pleaded a statutory as well as constitutional cause of action. Of course defendants are entitled to urge that plaintiffs are not “otherwise qualified” for participation in community based housing facilities, and that they have not met or cannot meet other lawful (or “rational”) conditions for admission. But these are matters of affirmative defense, and subject to evidentiary development at trial.
(5) Three other counts of the complaint (counts IV-VI inclusive) all rest upon various cited provisions of the Mental Hygiene Law. Of central importance to those claims are the provisions of section 29.15 of the Mental Hygiene Law. As to at least one of the requirements imposed by that section (namely the preparation of a written “service plan” for each patient including “a specific recommendation of the type of residence in which the patient is to live” [Mental Hygiene Law, § 29.15, subd (g), par 2]), there is virtually a concession by defendants of partial noncompliance as to these nine plaintiffs. For aught that presently appears, no “service plan” (or for that matter, any plan whatsoever), was ever prepared with respect to any of them. Each of these counts is of sufficiently colorable merit to withstand a pleading motion for facial dismissal, particularly under the circumstances that this is, inter alla, an action for declaratory judgment, where the possible nonentitlement of plaintiffs to the fullest panoply of class action relief (i.e., community based housing for every former inmate of a State mental institution) does not mean that plaintiffs not individually are entitled to any relief (in which case a declaration to that effect must be made in their favor). In this instance also, any deficient performance by plaintiffs in compliance with a discharge plan will be a matter of defense. Furthermore, there is authority for the proposition that a CPLR 3211 (subd [a], par 7) motion to dismiss should not be granted in a declaratory judgment action, but the rule should be followed that the successful movant should have affirmative judgment in his favor in lieu of outright dismissal (see Siegel, NY Prac, § 440, p 584). The scope of the parties’ entitlements under these Mental Hygiene Law sections should not be resolved summarily, but only after the taking of evidence at trial. As to the dismissal of some of the causes of action herein as a matter of law, that result may be reflected in the ultimate judgment in the form of a declaration in defendants’ favor, *253 except where dismissal is based upon the ground that the court lacks subject matter jurisdiction of the cause of action (see infra).
(6) Count VII of the complaint charges defendants with violating “their common law duty to provide state hospital patients with reasonable care and to protect them from reasonably foreseeable harm.” The existence of such a duty at common law susceptible of invocation at behalf of an individual has been rejected in the past (Riss v City of New York, 22 NY2d 579; Matter ofPerazzo v Lindsay, 23 NY2d 764). Beyond that, it is clear that this unsupportable claim is the sole basis of plaintiffs’ demand for money damages. This court has no subject matter jurisdiction of such a claim, which is solely cognizable in the Court of Claims (NY Const, art III, § 19; art VI, § 9; Court of Claims Act, §§ 8, 9; Sinhogar v Parry, 53 NY2d 424, 431; Easley v New York State Thruway Auth., 1 NY2d 374, 378). Accordingly this count is dismissed both for failure to state a cause of action and for lack of subject matter jurisdictibn, and all references in the ad damnum clauses of the complaint to the recovery of money damages are stricken.
(7) In count XI of the complaint plaintiffs claim that defendants’ failure to place plaintiffs in community based residences violates title XIX of the Social Security Act (US Code, tit 42, § 1396 et seq.) commonly referred to as the Medicaid statute. However, plaintiffs offer virtually no reply to defendants’ argument that the Medicaid statute does not create any basis for a claimant to force a State to assume the burden of funding specific programs such as the one envisioned by this claim (Harris v MacRae, 448 US 297). Accordingly, this count must be and is dismissed.
III. plaintiffs’ cross motion for partial
SUMMARY JUDGMENT:
Plaintiffs’ request under CPLR 3211 (subd [c]) for partial summary judgment that plaintiffs must be “ensured a suitable residence” under the provisions of the Mental Hygiene Law is denied on the ground that such disposition would be entirely premature on the present record, and this claim presents issues of fact with respect to each plaintiff. It need only be pointed out that the individual plaintiffs have submitted no affidavits of their own in support of such drastic relief; the fact that the truth of their allegations must be assumed in connection with defendants’ motion to dismiss the complaint does not apply to plaintiffs’ counteraffirmative judgment in their favor. While it is true that plaintiffs may have been entitled to a discharge plan under *254 the applicable provisions of the Mental Hygiene Law, the scope and character of that plan present the real issues in this lawsuit, and little purpose would be served by a declaration that plaintiffs are entitled to a plan, if there can as yet be no specification of what that plan must contain.
iv. conclusion:
(a) Defendants’ motion for joinder of additional parties defendant and a stay of all proceedings in the action pending such joinder is denied.
(b) Defendants’ motion to dismiss the complaint with respect to counts I, III, VII, and XI is granted, and all references to the recovery of money damages are stricken from the ad damnum. The balance of the motion is denied. Plaintiffs shall serve an amended complaint in accordance with the foregoing not later than 10 days after service of a copy of this decision and order.
(c) Plaintiffs’ cross motion for partial summary judgment is denied.