■ ZORAIDA VELASQUEZ, Individually and on Behalf of All Others Similarly Situated, Respondent-Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants-Respondents.—Judgment, Supreme Court, New York County (Allen Murray Myers, J.), entered February 15, 1984, insofar as it held that Social Services Law § 131-a (10), which denied eligibility for Home Relief to persons whose gross income exceeded 150% of the State standard of need, was unconstitutional, unanimously reversed, on the law, and the complaint is dismissed, without costs. Per stipulation among the parties, no other aspects of the judgment are considered on this appeal.

Plaintiff was given notice by defendant city Commissioner that she was being terminated from public assistance pursuant to Social Services Law § 131-a (10), which provides that applicants for public assistance cannot have a gross income in excess of 150% of the standard of need established by the State Department of Social Services. This action was instituted for declaratory and injunctive relief and for class certification on plaintiff's own behalf and on behalf of all others similarly situated.

Special Term's decision holding the statute unconstitutional, granting class-action status and enjoining enforcement of the statute was embodied in the judgment appealed from. By stipulation, the parties agreed to limit this appeal to the issue of the constitutionality of section 131-a (10), and to be bound by the decision on that issue then pending before the Court of Appeals in *Matter of Jones v Blum*. On March 19, 1985, the Court of Appeals upheld the constitutionality of the statute in *Jones* (64 NY2d 918, *affg for reasons stated in* 101 AD2d 330). The parties agree that *Jones* is controlling on the merits and that the judgment, insofar as appealed from, must therefore be reversed on the merits. Concur—Kupferman, J. P., Sullivan, Carro, Asch and Fein, JJ. [122 Misc 2d 185.]

■ In the Matter of FREEMONDE v COMMISSIONER OF SOCIAL SERVICES.—Motion for assignment of counsel, and other related relief, denied, and the appeal as to Jose Freemonde, *sua sponte,* dismissed on the grounds that the Commissioner of Social Services is authorized to commence the proceeding herein (Social Services Law § 102 [1]) and that Jose Freemonde is not an "aggrieved party" (CPLR 5511). Concur—Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.