OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, by dismissing the petition in its entirety and, as so modified, affirmed.
Petitioner, age 60 and disabled, had monthly income in 1991 of $763.80, consisting primarily of SSI disability benefits. Petitioner’s income was the sole means of support for himself and his wife, then 58 years old and not disabled, who had no income of her own. Petitioner also received Medicaid coverage; his monthly income less applicable disregards — $710.90—fell below the Medicaid eligibility standard for a two-person household of $716.66 per month.
Pursuant to Social Services Law § 366 (2) (a) (7), respondent Department of Social Services promulgated 18 NYCRR 360-4.2 (b) effective May 31, 1991, which provides that an ineligible spouse living with a Medicaid applicant not be counted as part of the Medicaid household in determining eligibility unless the spouse is aged, blind or disabled, or has income equal to or greater than the difference between the medically needy income standard for a one- and two-person household.[1] Known as an "income-deeming” provision, the regulation deems cer *987 tain income of the ineligible spouse to be available for the support of the medically needy spouse in determining Medicaid eligibility. Households with two incomes are compared to the two-person income standard, and those with one income are compared to the one-person income standard.
Accordingly, petitioner was informed by Chemung County Department of Social Services that his Medicaid eligibility would thereafter be determined according to the income standard for a household of one, not two. Because petitioner’s net income exceeded the income standard for a one-person household — $500—he was thus rendered ineligible for Medicaid unless he qualified for coverage on a monthly basis under the "spenddown” provisions (see, Social Services Law § 366 [1] [a] [5]). As a result, petitioner qualified for Medicaid coverage only in months in which he incurred medical expenses of more than $210.90.
 We reject petitioner’s contention that 18 NYCRR 360-4.2 violates Federal or State law and uphold the regulation.[2]
Petitioner’s reliance on 42 CFR 435.811, providing that "a Medicaid agency must use an income standard * * * that is (a) [b]ased on family size; [and] (b) [u]niform for all individuals in a covered group” is misplaced (emphasis added). Although not defined terms, courts and Congress have consistently recognized the difference between "income standards” and "methodologies” used to determine Medicaid eligibility (see, Atkins v Rivera, 477 US 154, 163-166; Camacho v Perales, 786 F2d 32, 43-45 [2d Cir]). An income-deeming provision, such as the one at issue here, is a methodology, not an income standard (see, 46 Fed Reg 47980). Indeed, addressing a similar challenge to New York’s Medicaid eligibility requirements in effect prior to the regulation at issue, the Second Circuit expressly rejected application of 42 CFR 435.811 on the ground that it applied only to income standards, and rejected the petitioner’s argument that New York was required by that regulation to apply the income standard for a two-person *988 household to an applicant living with an ineligible spouse (see, Camacho v Perales, 786 F2d, at 43-45). The difference between an income standard and a methodology recognized in Camacho was subsequently adopted by Congress in amending the Medicaid laws (see, HR Rep No. 100-391 [I], 100 Cong, 1st Sess 504-505, reprinted in 1987 US Code Cong & Admin News 2313-1, 2313-324 — 2313-325), and has also been adopted by the Supreme Court (see, Atkins v Rivera, 477 US, at 165).
The applicable Federal provision is 42 USC § 1396a (a) (10) (C) (i) (III), which provides that "the methodology to be employed in determining such eligibility * * * shall be no more restrictive than the methodology which would be employed under the [SSI] program.” A methodology is considered to be no more restrictive if, by its use, additional individuals may be eligible for medical assistance and no individuals who are otherwise eligible are made ineligible for Medicaid (see, 58 Fed Reg 4919). Despite petitioner’s claim of unfairness — that his status changed under the new rule and he is now treated as if he were living alone — New York’s income-deeming provision is essentially identical to the income-deeming provision employed for purposes of determining eligibility for SSI benefits (see, 20 CFR 416.1163 [d]), and thus is not more restrictive than Federal law permits.
 Under State law, eligibility for Medicaid must be determined with reference to the number of family members in the household "as defined in regulations by the commissioner consistent with federal [Medicaid] regulations” (Social Services Law § 366 [2] [a] [7]). The Federal Medicaid regulations provide that the income or resource methodology used must be "(a) [u]niform for all individuals in a covered group; and (b) [reasonable” (see, 42 CFR 435.850).
The term "covered group” refers to the identified groups to whom States may offer Medicaid coverage, such as the aged, the blind and the disabled (see, 42 CFR 435.301 [b] [2]-[3]; 46 Fed Reg 47978-47979). Petitioner is eligible for Medicaid because he is disabled, and thus belongs to that covered group. Coverage is uniform for all members of a covered group if New York "provide[s] Medicaid to all individuals eligible to be members of that group” (42 CFR 435.301 [b] [3]). Because the regulation at issue does not distinguish among disabled SSI-related Medicaid applicants, but applies uniformly to anyone in that group, this requirement is met. As petitioner only claims that he is treated less favorably than SSI recipients *989 who qualify for the two-person income standard, he does not allege a violation of the uniformity requirement.
The reasonableness of 18 NYCRR 360.4-2 is presumed in light of the fact that the regulation employs "[t]he methodology used to determine eligibility of individuals in the cash assistance program related to the covered medically needy group” (42 CFR 435.851 [b]). That presumption was not rebutted by petitioner.
We further reject petitioner’s claim that the regulation violates the guarantee of equal protection (NY Const, art I, § 11). Because it neither impinges on a fundamental right nor discriminates against a suspect class, the regulation is valid if rationally related to a legitimate State interest (see, Matter of Lee v Smith, 43 NY2d 453, 460). The State’s legitimate interest in conserving public assistance funds and allocating those funds to the neediest applicants (see, Matter of Jones v Blum, 101 AD2d 330, affd 64 NY2d 918) is rationally advanced by the requirement that income of an ineligible spouse be deemed available to the applicant. The concomitant requirement that a household in which only one spouse has income be assessed with reference to the one-person income standard, also rationally serves that objective.
Inasmuch as petitioner has not prevailed, he is not entitled to attorneys’ fees (see, 42 USC §§ 1983, 1988; CPLR 8601 [a]).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order modified, etc.

. This regulation applies only to calculation of household size for income eligibility. As to resource eligibility, petitioner’s household remains a two-person household (see, 18 NYCRR 360-4.2 [b]).

. As petitioner’s wife was determined to be disabled as of March 1, 1994, petitioner’s eligibility is determined with reference to the income standard for a two-person household as of that date (see, 18 NYCRR 360-4.2 [b]). Thus, his challenge is limited to the period between June 1, 1991 and March 1, 1994. Moreover, as of February 18, 1994, 42 CFR 435.811 and other Federal Medicaid regulations were substantially amended (see, 58 Fed Reg 4908). Our analysis is limited to the regulations as they existed before amendment.