◼ In the Matter of ELIAS RODRIGUEZ, Appellant, v BRIAN J. WING et al., Respondents. [681 NYS2d 84] —In a proceeding pursuant to CPLR article 78 to review a determination of the

Department of Social Services of the State of New York, which, after a fair hearing, sustained a determination of the Westchester County Department of Social Services requiring the petitioner to pay the sum of $427 per month toward the cost of his housing, utilizing his Federal Supplemental Security Income and Social Security Disability benefits, the appeal is from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered October 3, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly confirmed the determination of the Department of Social Services of the State of New York, which, after a fair hearing, reduced the petitioner's housing assistance by the sum of $427 per month. The reduction in the benefit was to cover the cost of the petitioner's shelter in a "temporary" homeless residence.

The petitioner argues, *inter alia,* that there is no statutory authorization for the recoupment of a portion of the costs of his shelter from his Federal Supplemental Security Income (hereinafter SSI) and Social Security Disability (hereinafter SSD) benefits. We disagree. The petitioner was properly considered by the Commissioner of Social Services to be a recipient of Safety Net Assistance (formerly Home Relief) pursuant to Social Services Law § 159 (*see, Matter of Lee v Smith,* 43 NY2d 453, 463). Therefore, pursuant to 18 NYCRR 352.35 (f), the petitioner's available income in the form of SSI/SSD payments was required to be utilized to diminish the need for Safety Net Assistance. That the petitioner received his Safety Net Assistance in the form of a direct payment for his housing, rather than in cash, does not place him outside the statutory scheme. The Safety Net Assistance provisions of the Social Services Law set forth not only that "cash assistance" may be provided by alternate methods, such as "vendor payments to landlords", but also that "shelter allowance" in excess of the maximum amount established by regulation may be provided at the request of the recipient (*see,* Social Services Law § 159 [1] [a], [b] [i]; 18 NYCRR 352.3). The petitioner, having cited no other statutory auspices under which he received free housing through the Westchester Department of Social Services, is deemed to have received cash or shelter assistance under the Safety Net Assistance provision of the Social Services Law.

The petitioner's remaining contentions constitute no basis for reversal. Ritter, J. P., Thompson, Pizzuto and McGinity, JJ., concur.