OPINION OF THE COURT
Smith, J.
The issue here is whether Medicaid regulations governing eligibility for benefits authorized a reduction in the applicant’s income in an amount necessary to meet the needs of his ineligible spouse. The Appellate Division answered in the affirmative. For reasons stated in this Opinion, we now reverse.
On October 1, 1996, petitioner Raymond Marzec applied for Medicaid benefits to the Erie County Department of Social Services (“DSS”). At that time petitioner’s gross income, derived solely from Social Security, was $717 per month. Thereafter, petitioner was hospitalized from October 8 until October 16, 1996.
In November 1996, DSS notified petitioner that his hospitalization would be covered by Medicaid. DSS calculated petitioner’s costs based on a six-month period beginning October 1, 1996 and ending March 31, 1997 (see, 42 CFR 435.831 [a] [1]). After taking into account all available income and resources, DSS concluded that petitioner had excess income of $138 per month, which he was required to spend on medical expenses before Medicaid would pay his medical bills (see, 42 USC § 1396a [a] [17]; 18 NYCRR 360-4.8 [c] [1]). Thus, DSS required petitioner to spend down a total of $828 (six months times $138) before receiving benefits, leaving him with $711 in medical bills. DSS determined further that 18 NYCRR 360-4.6 did not entitle petitioner to an “income disregard” — a deduction in the amount of income and resources deemed available to the applicant — for the care of his ineligible spouse.
Petitioner requested a hearing to review the determination, arguing that inasmuch as his spouse was entirely dependent upon him for financial support, DSS should have made a dependent family member deduction from his income pursuant to *265 18 NYCRR 360-4.6 (a) (2) (i). At the hearing, the Administrative Law Judge disagreed, concluding the calculations were in accordance with the Federal SSI-guidelines and State budgeting methodology for determining Medicaid benefits. The Commissioner of Health upheld that determination. Petitioner then commenced a CPLR article 78 proceeding seeking review of the agency’s determination. Concluding that the administrative determination was “unreasonable and irrational,” Supreme Court granted the petition and directed DSS to recalculate petitioner’s medical assistance eligibility. The Appellate Division affirmed, with two Justices dissenting. This Court granted leave to appeal.
Under 18 NYCRR 360-4.6 (a) (2) (i), a Medicaid applicant is allowed a disregard, for the “amount of income determined in accordance with Federal guidelines to meet the needs of dependent family members who live with the applicant/recipient and who are not certified blind or certified disabled.” Petitioner contends that this regulation authorizes an income disregard of an amount necessary to meet the needs of his wife. Appellants, the Commissioner of Health and DSS Commissioner, argue that there should be no deduction because the Federal guidelines do not provide for an income disregard for petitioner’s spouse in this instance. We agree with appellants.
The procedure for determining Medicaid eligibility, set out in 18 NYCRR 360-4.1, requires (1) a determination of the size of a household, (2) a determination of all income and resources available to the applicant during the period for which assistance is sought, (3) a disregard of certain kinds of income and resources* and (4) a comparison of the available resources with the eligibility standards. There is no dispute that petitioner is considered a one person household for purposes of the regulations, that petitioner’s resources are limited to Social Security or that the comparison of available resources and eligibility is appropriate. Only the issue of whether there should be a disregard for petitioner’s dependent spouse — the third factor — is before us.
The applicable regulation, 18 NYCRR 360-4.6 (a) (1), enumerates the disregards for all applicants and recipients of *266 medical assistance. Paragraph (2) of that regulation itself explicitly requires that DSS and the Department of Health look to “Federal guidelines” in order to determine the amount of the income disregard, if any, to which petitioner is entitled, in order to meet the needs of certain family members (see, 18 NYCRR 360-4.6 [a] [2] [i]).
Significantly, there are no Federal guidelines supporting the deduction petitioner seeks. Federal regulations do permit a disregard, for example, from the income of an ineligible spouse that would be deemed available to the applicant for the care of ineligible children (see, 20 CFR 416.1163). There is, however, no Federal guideline authorizing an income disregard for the amount of money needed to support a spouse who is not 65 years of age, blind or disabled. The absence of such a disregard is consistent with the efforts to assist only those who are most in need of the limited public funds available (Matter of Glosenger v Perales, 83 NY2d 984, 989).
DSS determined that there should be no disregard for the support of petitioner’s wife. An agency’s interpretation of its regulations must be upheld unless the determination is “irrational and unreasonable” (Seittelman v Sabol, 91 NY2d 618, 625; Matter of Cortlandt Nursing Care Ctr. v Whalen, 46 NY2d 979, 980; Matter of Sigety v Ingraham, 29 NY2d 110, 114). Appellants’ interpretation of the regulation is not irrational or unreasonable and should be sustained.
Given this disposition, we need not and do not reach the question of class action certification.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley and Rosenblatt concur.
Order reversed, etc.

 In the words of the regulation, 18 NYCRR 360-4.6: “Not all of the income and resources available to an applicant/recipient is counted in determining his/her financial eligibility for MA [medical assistance]. Certain types and amounts of income and resources are disregarded. After these disregards have been applied, what remains is the applicant’/recipient’ [sic] net available income and resources.”