■ In the Matter of Lauren Higginbotham, Petitioner, v New York State Office of Temporary and Disability Assistance et al., Respondents. [733 NYS2d 19] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Charles Ramos, J.], entered October 14, 1998), to annul a determination made after a fair hearing by respondent New York State Office of Temporary and Disability Assistance, dated April 8, 1998, insofar as it sustained a determination of respondent New York City Department of Social Services denying petitioner's request for Emergency Safety Net Assistance to pay rent arrears, unanimously dismissed as moot, without costs.

The proceeding, which seeks to annul respondents' denial of petitioner's application for emergency rent arrears in order to avoid eviction from her apartment (18 NYCRR 370.3 [b] [5]), was rendered moot by petitioner's eviction from her apartment (*see, Matter of Frey v Blum*, 84 AD2d 840). The case does not present any significant novel questions or a frequently occurring issue that typically avoids review, and otherwise does not compel consideration despite its mootness (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715). In any event, substantial evidence supports the finding that the threat of eviction facing petitioner was not an emergency within the meaning of the relevant regulations. Petitioner's claim that she withheld rent because her apartment needed repairs was rejected by the Housing Court, and she failed to show what she did with her household's money during the period that she withheld rent. Nor was there any showing of an ability either to repay the grant within 12 months or to pay future rent. Moreover, even if the arrears were granted, petitioner still faced eviction if she did not cure the nuisance condition in her apartment, and there is no showing that she did. We have considered petitioner's other arguments and find them unavailing. Concur—Sullivan, P. J., Mazzarelli, Wallach, Rubin and Friedman, JJ.