In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Deanna W, an alleged incapacitated person, the Nassau County Department of Social Services appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated February 24, 2009, as directed it to disregard certain sums used to pay expenses associated with the guardianship when calculating Deanna W.’s available income and resources for the purpose of determining her Medicaid eligibility.
Ordered that the order and judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements.
*1097 In the course of a guardianship proceeding pursuant to Mental Hygiene Law article 81, Deanna W. was adjudged an incapacitated person and a guardian was appointed. In its order appointing a guardian and specifying the guardian’s powers, the Supreme Court directed the guardian to set aside certain sums for the payment of legal and other fees associated with the guardianship proceeding, as well as for his own compensation. The Supreme Court further directed the Nassau County Department of Social Services (hereinafter the DSS), the agency entrusted with the distribution of Medicaid funds for the county in which Deanna W. resided, to disregard those sums in calculating her net available monthly income (hereinafter NAMI) for the purpose of determining Medicaid eligibility. On appeal, the DSS argues, inter alia, that the Supreme Court exceeded its authority in directing it to disregard these sums.
Since the Medicaid program is funded jointly by the federal government and by the state and its counties, each state is permitted to establish its own eligibility criteria for Medicaid coverage (see Matter of Visiting Nurse Serv. of NY. Home Care v New York State Dept, of Health, 5 NY3d 499, 503 [2005], citing 42 USC § 1396d [a]). New York’s regulations regarding the calculation of an individual’s NAMI for the purpose of determining an individual’s Medicaid eligibility contain an extensive list of income and resource “disregards” (18 NYCRR 360-4.6). However, this list includes no provision for disregarding an individual’s expenses, even where, as here, those expenses are non-discretionary expenses related to the condition contributing to the individual’s need for Medicaid assistance.
An agency’s interpretation of its own regulations, including Medicaid eligibility regulations, is entitled to considerable deference and will be upheld unless it is “unreasonable,” “irrational, arbitrary, or capricious” (Matter of Cedar Manor Nursing Home v Novello, 63 AD3d 833, 834 [2009]; see Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept, of Health, 5 NY3d at 506; Matter of Marzec v DeBuono, 95 NY2d 262, 266 [2000]; East Acupuncture, EC. v Allstate Ins. Co., 61 AD3d 202, 209 [2009]; see also Friedman v Ferales, 668 F Supp 216, 221 [1987]). Here, the DSS’s interpretation of its regulations was reasonable and, thus, the Supreme Court improvidently exercised its discretion in directing the DSS to disregard expenses associated with Deanna W.’s guardianship in calculating her NAMI (see Matter of Marzec v DeBuono, 95 NY2d at 265-266).
The DSS’s remaining contention is not properly before this Court (see Fresh Pond Rd. Assoc, v Estate of Schacht, 120 AD2d 561 [1986]). Covello, J.P., Santucci, Balkin and Austin, JJ., concur.