■ In the Matter of WILFREDO ARIAS, Doing Business as WILFREDO REALTY INC., Appellant, v WOODY PASCAL, as Acting Deputy Commissioner of New York State Division of Housing and Community Renewal, et al., Respondents. [958 NYS2d 374]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 24, 2011, denying the petition to vacate respondents' decision dated September 7, 2010, which determined that petitioner landlord was not entitled to collect a washing machine surcharge from the tenant, and dismissing the

proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court properly deferred to respondents' interpretation of Rent Stabilization Code (9 NYCRR) § 2522.9 and Operational Bulletin 2005-1, as their interpretation is rational (*see Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000]). Both section 2522.9 (b) (1) and the Bulletin, setting the permissible amount of the surcharge, contain language permitting only a prospective surcharge where a previously installed washing machine "comes to the attention" of the landlord, and the landlord "consents" to its continued use. Respondents rationally interpreted this present-tense language to mean that section 2522.9 (b) (1) does not apply where landlords had acquiesced to a tenant's use of a washing machine before the effective date of the regulation on December 20, 2000. Here, it is undisputed that petitioner had acquiesced to the use of a washing machine, without imposing a surcharge or taking any other action, before the effective date of the regulation, and continued to do so until after the issuance of the Bulletin in 2005. Accordingly, petitioner is not entitled to impose even a prospective surcharge.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.