OPINION OF THE COURT
James B. Canfield, J.
In this proceeding/declaratory judgment action, petitioner-plaintiff Kenmar Surgical Aids, Inc. (Kenmar), which since commencing this proceeding has been indicted for Medicaid fraud, seeks to carve out an exception to Matter of Medicon Diagnostic Labs. v Perales (74 NY2d 539) via a declaration that 18 NYCRR 518.7 (d) (3) is facially unconstitutional to the extent that it authorizes respondent-defendant New York State Department of Health (DOH) to act on requests by the other State respondents-defendants to withhold Medicaid reimbursement from providers.
*249 The Court of Appeals reasoning and cogent analysis of the parties’ contractual relationship in Matter of Medicon (supra) apply just as forcefully to the case where the information regarding fraud comes from an “investigating or prosecutorial agency or other law enforcement agency” as from DOH (18 NYCRR 518.7 [a]). The only regulatory difference is the absence of an express regulatory requirement that the outside agency render its determination within a specific time period. Kenmar is simply wrong in presuming that the mere absence of specific time period for rendering a determination renders the regulation unconstitutional. Kenmar recognizes that it has no constitutionally protected property interest in being immediately paid for items that it bills, that it is not constitutionally entitled to full notice of the extent of its fraud, an opportunity to respond to the charges and a final administrative determination regarding the extent of its fraud before DOH may withhold payments pending a final determination. Constitutional due process will be met by a hearing at such time as the respondents’ investigations are complete and Ken-mar is given notice of the charges against it and an opportunity to respond so long as that is within a reasonable period of time. The Constitution imposes no strict time limit on recoupment, such that the absence of a specific provision renders the regulation unconstitutional. Respondents’ withholding payments pending completion of the criminal investigation is a constitutionally permissible and eminently reasonable means of assuring some recoupment of losses resulting from fraudulent diversion of funds by Medicaid providers.
Kenmar also challenges the regulation’s constitutionality as applied. At the time that this proceeding/action was commenced, respondents had withheld a portion of the money that Kenmar expected for less than four months. Kenmar does not allege that the respondents had completed their investigation, exonerated Kenmar or found that there was no basis for believing that Kenmar was guilty of fraud. Indeed, the postcommencement indictment suggests that that is not the case. The court rejects Kenmar’s argument that the respondents acted unconstitutionally in withholding the money for that period of time.
The scope of judicial review in a CPLR article 78 proceeding is limited to determining whether respondent has violated any positive statutory requirement or denied a constitutional right of petitioner (People ex rel. Jelich v Smith, 105 AD2d 1125) and whether respondent’s determination is affected by “irrational *250 ity bordering on impropriety.” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77.) Kenmar claims regulatory violations occurred. The regulatory violations are the alleged failure to give notice of the withhold within five days or to describe the reasons for the withhold, to state that the withholding is for a temporary period only and not advise petitioner of the right to submit written arguments and documentation in opposition. Even assuming that each of these violations were found by the court, petitioner has not demonstrated that the initial violation invalidates DOH’s withholding and requires that the monies be returned to petitioner. Petitioner clearly is aware of its rights now and has adequate notice of the basis for the preliminary administrative action. Accordingly, the court rejects petitioner’s argument that it is entitled to return of the withheld money.
As regards the claim that the respondents’ actions are arbitrary and capricious, DOH is acting pursuant to the other respondents’ request. The other respondents being entities authorized to make such requests, DOH has acted appropriately and petitioner’s claim against DOH is rejected. The other respondents have rendered no final determination and their actions are intended merely to ensure that there is some money available at such time as a final determination is rendered. Petitioner has not demonstrated that there is no evidence of fraud or that respondents were acting for improper reasons and therefore has failed to meet its burden to establish that respondents’ determination was arbitrary, capricious, or illegal (Matter of Pell v Board of Educ., 34 NY2d 222, 231).
Accordingly, the court rejects Kenmar’s arguments and declares that 18 NYCRR 518.7 (d) (3) authorizing law enforcement agency-initiated withholds on Medicaid reimbursement payments is both facially constitutional, valid and permissible and that respondents have not denied Kenmar’s constitutional right to due process in the manner they have applied the regulation. Kenmar’s article 78 challenge is denied with $100 costs. The temporary restraining order prohibiting DOH from withholding more than 15% of the weekly Medicaid reimbursement payments is vacated and the court finds that it is unnecessary to consider respondents’ application to open the Grand Jury records or obtain further records from Kenmar.