■ In the Matter of Lynn Kasin, as President and Sole Stockholder of Fishkill Health Related Center, Inc., and Hudson Haven Care Center, Inc., Appellant, v Antonia Novella, as Commissioner of Health of the State of New York, et al., Respondents. [757 NYS2d 609] —Peters, J. Appeal from a

judgment of the Supreme Court (Bradley, J.), entered January 23, 2002 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Health ordering a partial withholding of Medicaid reimbursement to petitioner.

By letters dated May 10, 2001 and May 16, 2001, the Medicaid Fraud Control Unit (hereinafter MFCU) of the Attorney General's office requested voluminous records from both the Hudson Haven Care Center, Inc. and the Fishkill Health Related Center, Inc., residential health care facilities owned by petitioner. Although petitioner surrendered a small portion of the documents regarding Hudson Haven, by letters dated May 11, 2001 and May 17, 2001, his counsel challenged the unrestricted authority of MFCU, notwithstanding 18 NYCRR 504.3, to have such access to the facilities' books and records. The May 17, 2001 letter advised that "neither Hudson Haven nor Fishkill intends at this time to further comply with your office's 'formal request.' "

In response, MFCU asked the Department of Health (hereinafter DOH) to implement a 10% withholding of Medicaid payments to both facilities because of petitioner's refusal to surrender the requested documents. In a June 2001 letter, petitioner was notified by DOH that it was commencing such withholding of payments for current and future claims under the Medicaid program based upon its statutory authority and implementing regulations (18 NYCRR 504.8 [d]; 518.1, 518.7). The letter advised that the request for withholding, initiated by respondent Attorney General, would continue "until such time as the calculated Medicaid overpayment has been repaid," and provided the name and address of a contact person to forward questions or challenges to this action.

Petitioner thereafter commenced this proceeding, by order to show cause, seeking, inter alia, to annul this determination and to enjoin any further imposition of sanctions. While Supreme Court temporarily reinstated payments, following joinder of issue, it dismissed the petition by finding that MFCU's request for records did not violate petitioner's rights under the Fourth Amendment of the US Constitution, that 18 NYCRR 518.7 is constitutional, and that MFCU was entitled to unrestricted access to the facilities' books and records, thus justifying the withholding of Medicaid reimbursement upon petitioner's noncompliance. Petitioner appeals.

As petitioner concedes that it has fully complied with the Attorney General's demand for documents since the filing of the

appeal, the issue concerning the propriety of MFCU's demand is moot and, in our view, does not fall within an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Although the circumstances giving rise to this proceeding are unusual, they are not unique and the issue regarding access to documents pursuant to 18 NYCRR 504.3 (a) is not one which will typically evade review, as neither party can unilaterally end the matter without the cooperation of the other or court intervention. Finally, with the issue not inextricably intertwined with the question of whether DOH was entitled to withhold Medicaid reimbursements for the period prior to the alleged noncompliance (*cf. Matter of Shah [Helen Hayes Hosp.]*, 95 NY2d 148, 155 [2000]), no further review is necessary.

We find no error in the determination by DOH to withhold 10% of petitioner's Medicaid reimbursements pursuant to 18 NYCRR 518.7 as a result of petitioner's outright refusal to provide the requested records. Contrary to petitioner's assertion, Medicaid providers have no property interest in their status as participants in the Medicaid program (*see Siddiqui v Commissioner, New York State Dept. of Social Servs.*, 170 AD2d 922, 923 [1991], *appeal dismissed* 77 NY2d 989 [1991]; *Matter of Medicon Diagnostic Labs. v Perales*, 145 AD2d 167, 172 [1989], *affd* 74 NY2d 539 [1989]). As 18 NYCRR 518.7 (a) makes clear, DOH may withhold current and future claims in the form of payments from Medicaid providers "when it has reliable information that a provider is involved in fraud or willful misrepresentation involving claims submitted to the program, or has abused the program or committed an unacceptable practice." Failure to make available required records constitutes an improper provider practice (*see* 18 NYCRR 515.2 [a] [1]; [b] [6]). Prior to or contemporaneous with the withholding, however, a provider must be given notice "describ[ing] the reasons for the action, but [such notice] need not include specific information concerning an ongoing investigation" (18 NYCRR 518.7 [b]). According to the regulatory scheme, the notice must: "state that the payments are being withheld in accordance with this section; * * * that the withholding is for a temporary period only and recite the circumstances under which the withhold will be terminated; * * * specify whether the withholding applies to all or only some claims and identify which claims if not all the claims are involved; and * * * advise of the right to submit written arguments and documentation in opposition to the withholding and how to submit them" (18 NYCRR 518.7 [c]). Where, as here, DOH commences its withholding at the request of MFCU, the regulations further

provide that the withholding can "continue until the agency or prosecuting authority determines that there is insufficient evidence to support an action against the provider * * * or until the agency or criminal proceedings are completed" (18 NYCRR 518.7 [d] [3]).

Here, the record reflects that MFCU requested DOH to commence the withholding due to petitioner's failure to comply with its request for documents pursuant to 18 NYCRR 504.3 (a), to wit: an unacceptable practice pursuant to 18 NYCRR 515.2 (a) (1) and (b) (6). The notification to petitioner from DOH clearly details, in accordance with the statutory scheme, that payments are being withheld in accordance with 18 NYCRR 518.7, that due to the initiation of this action by the Attorney General, "[t]his withhold will continue until such time as the calculated Medicaid overpayment has been repaid," and thus details the circumstances under which the withhold will be terminated (see 18 NYCRR 518.7 [c] [2]). It further specifies that it applies to current and future claims under the Medicaid program (see 18 NYCRR 518.7 [c] [3]) and that the right to submit written arguments, documentation and/or any opposition may be made by contacting a specific individual with an address provided (see 18 NYCRR 518.7 [c], [d]). Although we recognize that the Court in *Matter of Medicon Diagnostic Labs. v Perales* (*supra*) dealt specifically with withholdings initiated by an agency pursuant to 18 NYCRR 518.7 (d) (1), the due process analysis recited there applies with equal force to withholdings initiated at the behest of a state agency investigating the provider for fraud pursuant to 18 NYCRR 518.7 (d) (3). Moreover, as required by 18 NYCRR 518.7 (a), DOH had reliable information that petitioner, as a provider, had committed an improper practice due to the information it received from MFCU stating that petitioner had refused to furnish its records to the Attorney General after a proper request—records sought as part of an ongoing investigation. As petitioner was obligated by his Medicaid provider agreement to supply these records when requested (see 42 CFR 431.107 [b]), we find no constitutional infraction which would warrant our disturbance of the determination rendered. For all of these reasons, we find no merit to petitioner's contention that DOH's temporary withholding of Medicaid payments deprived him of property without due process (see *Matter of Medicon Diagnostic Labs. v Perales*, 74 NY2d 539, 547 [1989]; *Matter of Kenmar Surgical Aids v New York State Dept. of Health*, 182 Misc 2d 247, 249-250 [1999]; 18 NYCRR 518.7 [a], [c], [d] [1]).

Accordingly, in summation, we hereby affirm the 10% with-

holding of Medicaid reimbursement to petitioner and find moot the issue of whether MFCU had the authority to demand the immediate production of petitioner's books and records without having obtained a search warrant, subpoena or having articulated a specific basis for its prosecutorial inquiry.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.