■ In the Matter of AARON TYK, Respondent, v NEW YORK STATE EDUCATION DEPARTMENT, Appellant. [796 NYS2d 405]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Education Department dated October 2, 2003, revoking the petitioner's certification as an impartial hearing officer, the New York State Education Department appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated November 24, 2003, which, upon a finding that the revocation of the petitioner's certification was arbitrary and capricious, granted the petition to the extent of directing a hearing.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the determina-

tion is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The petitioner was certified as an impartial hearing officer (hereinafter IHO) to hear appeals regarding the provision of services to handicapped children. The New York State Education Department (hereinafter the SED), under whose auspices the appeals were heard, received complaints about the petitioner's conduct at these hearings. The SED notified the petitioner of the complaints, and informed him that he was permitted to respond in writing, which he did. Thereafter the SED revoked the petitioner's certification as an IHO. The petitioner then commenced this proceeding seeking to be reinstated as an IHO. The Supreme Court granted the petition to the extent of ordering the SED to conduct a hearing, the form and forum of which was to be decided by the Commissioner of Education. We reverse.

Education Law § 4404 (1) mandates that the Commissioner of Education "promulgate regulations establishing procedures for the suspension or revocation of impartial hearing officer certification for good cause." 8 NYCRR 200.21 (b) provides that "[t]he certification of impartial hearing officers is subject to . . . revocation on the grounds of incompetence or misconduct;" and 8 NYCRR 200.21 (b) (3) (vi) provides that "[i]f, upon a review of the facts, the commissioner finds misconduct or incompetence on the part of the impartial hearing officer . . . the certification of the . . . officer may be . . . revoked." Grounds for revocation of certification include, inter alia, the failure to issue a decision in a timely manner, and conduct constituting "misconduct or incompetence."

The record supports the SED's determination to revoke the petitioner's IHO status based upon findings that he failed to issue decisions in a timely manner and that he was guilty of various instances of misconduct in connection with his IHO duties. Since there was a rational basis to support the SED determination, "neither this Court nor the Supreme Court should disturb the . . . agency's determination" (*Matter of Lyons v Whitehead,* 2 AD3d 638, 640 [2003]; *see Matter of Nehorayoff v Mills,* 95 NY2d 671 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222 [1974]).

Furthermore, contrary to the Supreme Court's conclusion, there is no need to conduct a further hearing. Indeed, the SED followed the appropriate statutory procedure for revoking an IHO's certification, including providing an opportunity for the

petitioner to respond in writing to the charges made against him. The fundamental requirement of due process is "notice . . . and an opportunity to be heard" (*Board of Regents of State Colls. v Roth,* 408 US 564, 573 [1972]). Due process does not require a hearing before every decision affecting a protected interest (*see Mathews v Eldridge,* 424 US 319 [1976]; *Weintraub v Board of Educ. of City School Dist. of City of N.Y.,* 298 AD2d 595 [2002]). Here, the petitioner was afforded due process in the course of the revocation of his IHO status.

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur. [*See* 2 Misc 3d 782 (2003).]