In the Matter of CEDAR MANOR NURSING HOME, Appellant, v ANTONIA NOVELLO et al., Respondents. [880 NYS2d 504]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated September 5, 2006, establishing reimbursement rates for the petitioner nursing home, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Loehr, J.), entered October 5, 2007, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

An administrative agency's interpretation of its own regulations must be upheld unless the determination is unreasonable or irrational (*see Matter of Marzec v DeBuono,* 95 NY2d 262 [2000]). Here, the New York State Department of Health (hereinafter the DOH), in determining the capital cost component of the petitioner's Medicaid reimbursement rate, deducted, from the allowable principal mortgage balance, payments that the petitioner had previously received for equity return (*see* 10 NYCRR 86-2.21 [e]). The DOH's determination to reduce the petitioner's allowable principal mortgage balance was not irrational, arbitrary, or capricious (*see Matter of Nazareth Home of the Franciscan Sisters v Novello,* 7 NY3d 538 [2006]; *Beth Israel Med. Ctr. v Department of Health of State of N.Y.,* 18 AD3d 367 [2005]; *Matter of Glen Is. Care Ctr. v Novello,* 11 AD3d 612 [2004]; *St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.,* 247 AD2d 136, 153 [1998]). Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.