In the Matter of CONSUMER DIRECTED CHOICES, INC., Appellant, v NEW YORK STATE OFFICE OF THE MEDICAID INSPECTOR GENERAL, Respondent. [935 NYS2d 352]—

Stein, J.

Petitioner, a not-for-profit corporation, is a provider for the Consumer Directed Personal Assistance Program handling, among other things, payroll for persons with chronic illnesses or physical disabilities—the consumer. Petitioner also acts as a fiscal intermediary between the consumer and the Medicaid program. Petitioner's revenues are derived from Medicaid payments in connection with the Consumer Directed Personal Assistance Program, which are based upon rates set by the Department of Health (hereinafter DOH). Respondent is an agency within DOH, charged with "detecting and combating Medicaid fraud and abuse and maximiz[ing] the recoupment of improper Medicaid payments" (Public Health Law § 30).

In April 2010, the Medicaid Fraud Control Unit (hereinafter MFCU) of the office of the Attorney General requested that respondent withhold 20% of the Medicaid payments requested by petitioner on the basis that MFCU was conducting a fraud investigation regarding claims allegedly resulting in a substantial overpayment to petitioner. Accordingly, respondent thereafter notified petitioner that 20% of current and future payments would be withheld on a temporary basis until such time as an amount reasonably calculated to satisfy the overpayment was recovered. Petitioner objected to the withholding, asserting that there was no ongoing investigation, and submitted information supporting its contention that any investigation was meritless. Respondent forwarded the information to MFCU. In response, MFCU confirmed the existence of the investigation, which indicated petitioner's consistent upcoding of its Medicaid billings, and requested that the withholding be reduced to 10%. Respondent then implemented that request. Petitioner again objected and commenced the instant proceeding seeking to nullify the temporary withholding and to obtain reimbursement of monies

withheld.[1] Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we reject petitioner's contention that respondent's notices of withholding were defective. The notices contained all of the required information including, among other things, a proper description of the reason for the withholding, citation of the proper regulatory basis for the withholding and the duration of the hold, and advised petitioner of its right to submit opposition to the withholding (*see* 18 NYCRR 518.7).

Turning to the merits, petitioner's assertion that respondent's actions required reliable factual evidence to support MFCU's basis for investigating petitioner is unpersuasive. DOH is entitled to withhold current and future payments from Medicaid providers " 'when it has reliable information that a provider is involved in fraud or willful misrepresentation involving claims submitted to the program, or has abused the program or committed an unacceptable practice' " (*Matter of Kasin v Novella*, 303 AD2d 910, 912 [2003], quoting 18 NYCRR 518.7 [a]). Reliable information "may consist of . . . information from a [s]tate investigating or prosecutorial agency or other law enforcement agency of an ongoing investigation of a provider for fraud" (18 NYCRR 518.7 [a]).

Here, payments were withheld on the basis of a letter from MFCU that it was conducting a fraud investigation of petitioner and had determined that petitioner was "consistently upcoding its Medicaid billings," a purported violation of 18 NYCRR 515.2 (b) (1) (i) (b) (*see* 18 NYCRR 518.7 [a]; *compare Matter of Kasin v Novella*, 303 AD2d at 913). According DOH's interpretation of its own regulations the considerable deference to which it is entitled (*see Matter of Deanna W. [Rosenblut]*, 76 AD3d 1096, 1097 [2010]; *Matter of Cedar Manor Nursing Home v Novello*, 63 AD3d 833, 834 [2009]), we do not agree with petitioner's contention that respondent's reliance on MFCU's withhold request—without consideration of factual information from either MFCU or petitioner regarding the merits of MFCU's investigation—was irrational, arbitrary or capricious.

Moreover, to the extent that petitioner argues on appeal that respondent failed to comply with applicable federal regulations, the regulation in effect at the time MFCU requested respondent to withhold payments from petitioner did not require any independent investigation by respondent (*compare* former 42 CFR

---

1. Respondent has voluntarily suspended the withholding and has escrowed the monies collected pending the determination of this appeal. As of May 2011, about $1.5 million had been withheld.

455.23 [a] [1987] *with* 42 CFR 455.23 [2011];[2] *see also* 42 CFR 405.902 [as defines "reliable evidence"]). Thus, although there is no indication on the record before us that respondent received specific factual information from MFCU or that respondent considered the merits of the information provided by petitioner, MFCU's statement to respondent that it was investigating certain fraudulent activity on the part of petitioner was sufficient under the then-existing regulations to support respondent's withholding of payments from petitioner in the first instance. Moreover, since the basis of the withholding was information from MFCU regarding its investigation, it was not necessary for respondent to do more with the information provided by petitioner in opposition to the withholding than to forward such information to MFCU for its consideration and determination whether to alter its withholding request. To hold otherwise would be to place upon respondent an obligation to independently investigate the alleged fraud, which was not required by the applicable regulations at that time. In our view, respondent properly implemented the regulatory procedures for withholding payment of Medicaid reimbursement claims,[3] to "adequately safeguard the private interests of [providers], and minimize the risk of erroneous deprivation while serving the substantial government interest in safeguarding the integrity of the Medicaid program" (*Matter of Medicon Diagnostic Labs. v Perales*, 74 NY2d 539, 547 [1989]). Inasmuch as petitioner failed to demonstrate that respondent's withholding was irrational, arbitrary or capricious, Supreme Court properly dismissed the petition.

Petitioner's remaining contentions have been considered and are unavailing.

Mercure, A.P.J., and Egan Jr., J., concur.

Garry, J. (dissenting). We respectfully dissent. Initially, we agree that respondent properly imposed the first withholding order, based upon the communication from the Medicaid

2. In contrast, the current version of this regulation, which became effective in March 2011, requires the withholding agency to *"determine*[ ] there is a credible allegation of fraud for which an investigation is pending" (42 CFR 455.23 [a] [1] [2011] [emphasis added]). The comments published in the Federal Register indicate that this requires some independent review of the evidence of fraud (*see* 76 Fed Reg 5862, 5936 [2011], codified at 42 CFR part 1007).

3. We recognize that our analysis could well be different under the current regulations, but must review respondent's actions under the regulations then in place. We also note that any hardship to petitioner resulting from the duration of the withholding is best addressed by a prompt resolution of MFCU's investigation and/or an appropriate proceeding to compel its completion.

Fraud Control Unit (hereinafter MFCU) that it was conducting a fraud investigation involving petitioner's alleged "consistent[ ] upcoding" of its bills. Respondent failed to act rationally thereafter, however, in granting MFCU's second request to continue withholding payments. At that time, respondent's information no longer consisted merely of MFCU's assertion that it was investigating petitioner's billing practices; petitioner had also submitted information revealing that the underlying practices alleged were neither fraudulent nor improper. MFCU was given an opportunity to respond, but its response entirely failed to refute petitioner's proof, neither stating any basis upon which it might be found that petitioner's practices were fraudulent nor indicating any other good faith basis for the investigation.

Upon receiving respondent's first notification that its payments were being withheld, petitioner exercised its "right to submit written arguments and documentation in opposition to the withholding" (18 NYCRR 518.7 [c] [4]), submitting a letter from its counsel advising that petitioner's dispute with MFCU involved a question of law as to whether petitioner was billing at the correct rate rather than any accusations of fraudulent or criminal conduct, and that petitioner had never been advised that its billing practices violated any statute, regulation or directive. Petitioner further provided a letter from a Department of Health official describing the applicable billing requirements and stating that petitioner's procedures fully complied with these requirements from 2001 through 2007, when the rules were changed, and thereafter complied with the altered directive. Significantly, the official stated that petitioner did not select the rates at which it billed, but was instead required to use rates designated by local social service districts.[1]

Respondent forwarded these documents to MFCU, which responded only by repeating its previous conclusory assertions that petitioner was "upcoding" its bills and that MFCU was investigating it for fraud, and requesting that the withholding continue in a reduced amount. This response—making no claim that petitioner's practices involved fraudulent intent or violated any statute, regulation or agency directive—was insufficient to provide respondent with the requisite "reliable information" (18 NYCRR 518.7 [a]). To hold otherwise deprives the word "reliable" of meaning. "Although it is true that an agency's interpretation of its own regulation generally is entitled to deference, courts are not required to embrace a regulatory construc-

---

1. Thus, the "upcoding" was not at petitioner's direction.

tion that conflicts with the plain meaning of the promulgated language" (*Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499, 506 [2005] [citation omitted]; *see Matter of County of St. Lawrence v Daines*, 81 AD3d 212, 218 [2011], *lv denied* 17 NY3d 703 [2011]). As commonly understood, "reliable" means "that may be relied on . . . information that can be depended upon with confident certainty" (Webster's Unabridged Dictionary 1628 [2d ed 1998]). In the absence of any shred of proof or even any relevant assertion by MFCU, respondent could not find "with confident certainty" that the mere existence of an investigation constituted "reliable information" of some undefined underlying fraud, following receipt of petitioner's submissions. MFCU's mere repetition of its initial claim was simply not sufficient, in a manner clearly apparent.

Fraud is defined in the pertinent regulations as "an intentional deception or misrepresentation made with the knowledge that the deception could result in an unauthorized benefit to the provider or another person" (18 NYCRR 515.1 [b] [7]). Petitioner's submissions were sufficient, at minimum, to demonstrate on a prima facie basis that even if its billing practices were in some way erroneous, it had committed no "intentional deception or misrepresentation" and, further, that it had not acted with knowledge that its practices could result in payment of any "unauthorized benefit" (18 NYCRR 515.1 [b] [7]). As the information before respondent when it imposed the second hold could not rationally be read to "reliabl[y]" indicate that petitioner was "involved in fraud or willful misrepresentation" (18 NYCRR 518.7 [a]), respondent lacked authority to grant MFCU's request to continue to withhold payments.

The governing regulation provides that respondent "may" find that an ongoing investigation constitutes reliable evidence of fraud (18 NYCRR 518.7 [a]), not that it must do so. The exercise of some discretion on respondent's part is required. The regulation clearly imposes the responsibility of determining whether reliable information exists on respondent, and not on MFCU, which has no regulatory authority to withhold payments. Accepting respondent's argument that it was not required to give any consideration to the content of the submissions, but sufficiently discharged its regulatory responsibilities by merely forwarding them to MFCU, will render meaningless the regulatory provision granting providers the right to submit opposing arguments and documentation (*see* 18 NYCRR 518.7 [c] [4]; *Matter of Bonded Concrete v Zoning Bd. of Appeals of*

*Town of Saugerties*, 268 AD2d 771, 774 [2000], *lv denied* 94 NY2d 764 [2000]).[2]

Nonetheless, this determination does not impose an obligation on respondent to conduct a full-fledged investigation. Under the state and federal regulations then in effect, respondent had no affirmative obligation to undertake such an investigation, but merely an obligation to determine whether "reliable information" existed that petitioner was engaged in fraudulent activity before withholding its payments (18 NYCRR 518.7 [a]). This obligation could have been readily discharged by the simple expedient of requiring MFCU to provide a brief statement of the factual and/or legal underpinnings for its claim. Such a statement need not have been detailed or comprehensive. We have previously approved temporary withholding of Medicaid payments based on information provided to the withholding agency that a provider had violated a federal regulation by failing to furnish certain records to the Attorney General upon request (*see Matter of Kasin v Novella*, 303 AD2d 910, 913 [2003]), and on the existence of signed statements from physicians denying that they had ordered tests for which a provider had submitted claims (*see Matter of Medicon Diagnostic Labs. v Perales*, 145 AD2d 167, 173 [1989], *affd* 74 NY2d 539 [1989]). Requiring MFCU to provide a similar statement establishing some factual basis for its claim that petitioner was involved in fraudulent conduct would not have been unduly burdensome either for respondent or for MFCU and, given respondent's regulatory role, was affirmatively required on this record.

Respondent is charged with the regulatory responsibility to withhold payments only when it has reliable information of fraud, willful misrepresentation, unacceptable practices or abuse because these "are objective, definable standards preventing the agency from taking arbitrary action" (*id.* at 171 [citations omitted]). This purpose is disregarded if respondent may withhold payments merely because it has been advised that an investigation is in process where, as here, the provider has made an unrefuted demonstration that the basis claimed for the investigation is unfounded. Under such an interpretation, an unscrupulous agency could defeat the purpose of the reliable information requirement by knowingly commencing a baseless

2. Respondent does not claim to have reviewed or considered petitioner's submissions, asserting only that it received them and turned them over to MFCU. As to petitioner's submission in response to the second withholding notice (which similarly advised petitioner of its right to submit opposing information), respondent acknowledges only that the document was received, but does not claim that it was forwarded.

investigation as a pretext for the confiscation of a provider's payments for retaliatory, political, or other improper reasons, or simply to recover payments that resulted from a good faith error or interpretive disagreement involving no fraud—as petitioner argues has occurred here.

Accordingly, we would reverse Supreme Court's judgment and grant petitioner's application to annul respondent's determinations withholding its Medicaid payments.

Peters, J., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2010 NY Slip Op 33118(U).]**