In the Matter of SCO FAMILY OF SERVICES, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [51 NYS3d 143]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Health dated November 7, 2014, which denied the petitioner's request for payment of Medicaid funds pursuant to 18 NYCRR 505.9, the petitioner appeals from a judgment of the Supreme

Court, Nassau County (Peck, J.), entered July 7, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, SCO Family of Services (hereinafter Family Services), operates a 56-bed residential treatment facility (hereinafter RTF), which serves adolescents and young adults aged 14 to 21 who are dually diagnosed as both seriously emotionally disturbed and cognitively impaired. The New York State Department of Health (hereinafter DOH), in conjunction with the New York State Office of Mental Health, is responsible for overseeing RTFs. Family Services commenced this CPLR article 78 proceeding challenging DOH's denial of its request for certain Medicaid payments pursuant to 18 NYCRR 505.9, which permits payments to RTFs when the RTFs reserve beds for recipients who are temporarily hospitalized or on a leave of absence, provided that the RTFs do not exceed a certain vacancy rate. DOH denied Family Services' request for payment on the ground that the RTF it operated exceeded the requisite vacancy rate contemplated by the regulation. DOH rejected the vacancy rate calculated by Family Services, which calculated a vacancy rate separately for each of the units that comprise the RTF. Instead, DOH calculated the vacancy rate of the RTF by treating the entire facility as one "part" as that term is used in the applicable regulation and further described in DOH's administrative directive (see 18 NYCRR 505.9 [d] [5] [ii] [b]; NY Dept of Health Directive 96 ADM-1 at 5, 8-9). Family Services contends that DOH's denial of its request for payment is arbitrary and capricious in that DOH's calculation of the RTF's vacancy rate was inconsistent with a plain reading of the regulation. The Supreme Court denied Family Services' CPLR article 78 petition and, in effect, dismissed the proceeding. Family Services appeals. We affirm.

Pursuant to CPLR article 78, "[i]n reviewing an administrative agency determination, courts must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009] [internal quotation marks and brackets omitted]). An administrative agency's interpretation of its own regulations must be upheld unless the determination is unreasonable or irrational (see CPLR 7803 [3]; Matter of Marzec v DeBuono, 95 NY2d 262, 266 [2000]; Matter of Cedar Manor Nursing Home v Novello, 63 AD3d 833, 834 [2009]; East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 209 [2009]; see also Matter of Entergy Nuclear Operations, Inc. v New York State Dept. of State, 28 NY3d 279, 288-289 [2016]).

Here, the Supreme Court properly determined that DOH's decision to deny Medicaid payments to Family Services based upon its interpretation of 18 NYCRR 505.9 was rational and should be upheld. DOH's interpretation of the meaning of the word "part" in calculating the vacancy rate of an RTF to include an entire facility, absent specialty units with distinct admissions criteria and separate per diem rates, does not conflict with the plain language of the regulation itself. Moreover, DOH's determination is consistent with its own rules and precedents; accordingly, there is a rational basis for the determination (*see Matter of Peckham v Calogero*, 12 NY3d at 431). Thus, DOH's determination was not irrational, unreasonable, or arbitrary and capricious and should be given deference (*see Matter of Marzec v DeBuono*, 95 NY2d at 266; *Matter of Cedar Manor Nursing Home v Novello*, 63 AD3d at 834; *East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d at 209).

Accordingly, the Supreme Court correctly denied the petition and, in effect, dismissed the proceeding. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.