Matter of 96 Wythe Acquisition, LLC v Jiha (2018 NY Slip Op 07116)





Matter of 96 Wythe Acquisition, LLC v Jiha


2018 NY Slip Op 07116


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-03665
 (Index No. 17750/14)

[*1]In the Matter of 96 Wythe Acquisition, LLC, appellant, 
v
Jacques Jiha, etc., respondent.


Akerman LLP, New York, NY (Joshua D. Bernstein and Vanessa I. Garcia of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Vincent D'Orazio, Andrea M. Chan, and Gary L. Bristol of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Finance of the City of New York dated August 25, 2014, denying the petitioner's application for tax abatement benefits, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Kathy J. King, J.), dated January 27, 2016. The order and judgment denied the petition and granted the respondent's motion pursuant to CPLR 3211(a), in effect, to dismiss the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner is the owner of property located at 96 Wythe Avenue in Brooklyn. The petitioner purchased the property with the intention of demolishing the existing warehouse on the property and constructing a hotel. The petitioner filed a preliminary application for an abatement of taxes under the New York City Industrial and Commercial Abatement Program (hereinafter ICAP) (see Real Property Tax Law § 489-a et seq.; Administrative Code of the City of New York § 11-268 et seq.) with the New York City Department of Finance (hereinafter DOF). That preliminary application was approved. The New York City Department of Buildings (hereinafter DOB) then issued, inter alia, a new building permit on May 30, 2013. After excavation and underpinning on the property commenced, the DOB issued a stop-work order. The petitioner then filed new support of excavation and foundation plans and sought permits therefor. The DOB issued new support of excavation and foundation permits on July 17, 2014. On July 24, 2014, the petitioner filed a final application for an abatement of taxes under the ICAP with the DOF, setting forth that a building permit was issued on November 29, 2013, which was the date a plumbing permit had been issued. In a determination dated August 25, 2014, the DOF denied the application on the basis that the petitioner failed to comply with the requirements of the ICAP in that the final application was filed more than one year after the issuance of the initial building permit.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the DOF's determination, and the respondent moved pursuant to CPLR 3211(a)(7), in effect, to dismiss the proceeding. The Supreme Court denied the petition and granted the respondent's motion. The petitioner appeals.
In a CPLR article 78 proceeding to review a determination of an administrative agency made without an evidentiary hearing, the standard of review is whether the "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]). The reviewing court must ascertain, upon the proof before the agency, whether the agency's determination was supported by a rational basis in the record or was " without [a] sound basis in reason and . . . without regard to the facts'" and, therefore, arbitrary (Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 109, quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; see Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d 753, 754; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770). "An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable" (Matter of ATM One, LLC v New York State Div. of Housing and Community Renewal, 37 AD3d 714, 714; see Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d at 754; Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev., 145 AD3d 905, 907; East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d 202, 209).
Here, the DOF's interpretation of the ICAP was neither irrational nor unreasonable. The Administrative Code of the City of New York provides, with respect to the final application for ICAP benefits, as follows: "Applicants shall file a final application for benefits no later than one year from the date of issuance of the first building permit for construction work, or, where construction work does not require a building permit, no later than one year from the date of commencement of construction" (Administrative Code of City of NY § 11-270[e][1][b]). According to the plain language of that provision, it is the time that the original or earliest building permit is issued that dictates the deadline for filing the final application for ICAP benefits. The first or earliest building permits for construction work were issued to the petitioner on May 30, 2013. The petitioner's final application, filed on July 24, 2014, was, therefore, untimely (see id.). Because the petitioner failed to comply with the final application filing requirements, the DOF was permitted to deny it ICAP benefits (see Administrative Code of City of NY §§ 11-270[e][1][b], 11-276[a]). Contrary to the petitioner's contention, the rules promulgated by the DOF for the predecessor program to the ICAP (see Administrative Code of City of NY § 11-256 et seq.; 19 RCNY 36-01 et seq.) and rules that were proposed for the ICAP approximately two years after the determination (see 19 RCNY 36-01 et seq.) do not support a different interpretation. Thus, the DOF's determination was not irrational, unreasonable, or arbitrary and capricious and will, therefore, be given deference (see Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d at 755; Matter of Wilson v New York City Dept. of Hous. Preserv. and Dev., 145 AD3d at 907; East Acupuncture, P.C. v Allstate Ins. Co., 61 AD3d at 209).
Contrary to the petitioner's contention, it is clear what conduct is mandated by Administrative Code § 11-270(e)(1)(b), and that provision does not permit or encourage arbitrary and discriminatory enforcement (see generally County of Nassau v Canavan, 1 NY3d 134, 138; People v Bright, 71 NY2d 376, 382). Administrative Code § 11-270(e)(1)(b) is, therefore, not unconstitutionally vague.
The petitioner's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and grant the motion, in effect, to dismiss the proceeding.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court