Matter of Exclusive Ambulette Serv., Inc. v New York State Dept. of Health (2019 NY Slip Op 01597)





Matter of Exclusive Ambulette Serv., Inc. v New York State Dept. of Health


2019 NY Slip Op 01597


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-06145
 (Index No. 11209/15)

[*1]In the Matter of Exclusive Ambulette Service, Inc., appellant, 
v
New York State Department of Health, et al., respondents.


Barclay Damon, LLP, Albany, NY (Linda Clark and Colm P. Ryan of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Scott A. Eisman of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Office of the Medicaid Inspector General, dated May 13, 2015, and action for injunctive relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated March 29, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof, in effect, denying those branches of the petition which were to annul so much of the determination dated May 13, 2015, as denied 57 claims for payment on the ground that they were improperly billed as ambulette transport claims, and substituting therefor a provision granting those branches of the petition which were to annul so much of the determination dated May 13, 2015, as denied those claims, and directing the respondents to identify the specific reasons for denying claims that were allegedly improperly billed as ambulette transport claims which were submitted by the petitioner for the period of January 12, 2015, through the date of commencement of this hybrid proceeding/action; as so modified, the judgment is affirmed, without costs or disbursements.
The petitioner/plaintiff (hereinafter the petitioner) is a transportation vendor enrolled as a provider in the New York State Medical Assistance Program (hereinafter Medicaid). In January 2015, the New York State Office of the Medicaid Inspector General (hereinafter OMIG), an independent office within the New York State Department of Health (hereinafter DOH) responsible for the investigation, detection, and prevention of Medicaid fraud, waste, and abuse, selected the petitioner for prepayment review of claims that the petitioner submitted for reimbursement for transportation services rendered between January 12, 2015, and January 27, 2015 (see 18 NYCRR 504.8[c], [d]). In a letter dated May 13, 2015, OMIG notified the petitioner, inter alia, that 142 of its claims were denied and could not be rebilled because Medicaid recipients had been transported in vehicles that the petitioner leased from a third-party entity that was not enrolled in the Medicaid program. OMIG further notified the petitioner that an additional 57 claims were denied, and that only some of those claims could be rebilled, because they had been billed as ambulette transport claims even though Medicaid recipients had not been transported in an ambulette. After the [*2]completion of the prepayment review period, OMIG continued to deny claims for reimbursement for transportation services that the petitioner provided.
In September 2015, the petitioner commenced this hybrid CPLR article 78 proceeding and action for injunctive relief against the DOH, OMIG, and the New York State Medicaid Inspector General (hereinafter collectively the respondents) seeking, inter alia, to annul the May 13, 2015, determination, and to require the respondents to identify the specific reasons for denying the claims. The petitioner alleged that its procedural due process rights were violated because OMIG summarily denied its claims for reimbursement without providing adequate notice. In a judgment dated March 29, 2016, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination that was not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Riverside Tenants Assn. v New York State Div. of Hous. & Community Renewal, 133 AD3d 764, 766). "The fundamental requirement of due process is notice and an opportunity to be heard'" (Matter of Tyk v New York State Educ. Dept., 19 AD3d 427, 429, quoting Board of Regents of State Colleges v Roth, 408 US 564, 573). However, "[d]ue process does not require a hearing before every decision affecting a protected interest" (Matter of Tyk v New York State Educ. Dept., 19 AD3d at 429; see Mathews v Eldridge, 424 US 319).
Contrary to the petitioner's contention, he was afforded due process with respect to those claims for services that were denied on the basis that the petitioner improperly leased vehicles from an entity that was not enrolled in the Medicaid program. The petitioner was provided with sufficient notice of the basis for the denial of these claims and a meaningful opportunity to be heard prior to the May 13, 2015, determination, as well as an adequate post-deprivation remedy through the instant CPLR article 78 proceeding (see Matter of Tyk v New York State Educ. Dept., 19 AD3d at 429; Matter of Action Elec. Contr. Co. v Riverso, 287 AD2d 560, 560; Matter of Tully Constr. Co. v Hevesi, 214 AD2d 465, 466). Additionally, although the May 13, 2015, determination failed to identify with sufficient particularity the claims that were denied on the ground that the petitioner improperly leased vehicles from an entity that was not enrolled in the Medicaid program, OMIG thereafter sufficiently clarified the claims that were denied on this basis, and the petitioner does not contend that it suffered any prejudice as a result of the delay in clarification.
We agree with the Supreme Court's determination that OMIG's decision to deny payment to the petitioner for claims where the vehicles utilized were owned by a non-Medicaid enrolled entity was not arbitrary and capricious or affected by an error of law. An administrative agency's interpretation of its own regulations must be upheld unless the determination is unreasonable or irrational (see Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d 753, 754; Matter of Cedar Manor Nursing Home v Novello, 63 AD3d 833, 834; see also Matter of Baker v Mahon, 72 AD3d 811, 813). The respondents' interpretation that 18 NYCRR 505.10(e) and (b)(23), as well as certain directives set forth in an update to the Medicaid Transportation Manual Policy Guidelines, precluded the petitioner from entering into a long-term lease for vehicles with a provider that was not enrolled in the Medicaid program was not unreasonable or irrational.
However, the petitioner was not provided with the basis for the denial of the additional 57 claims for services rendered during the prepayment review period. While the asserted ground for the denial was that the claims had been improperly billed as ambulette transport claims, the petitioner demonstrated that it provided transportation services using vehicles which met the definition of "ambulette" as provided in DOH regulations. Yet, OMIG, by not setting forth the basis of its denial of these claims in the May 13, 2015, letter, rendered it impossible for the petitioner to ascertain how its vehicles failed to qualify as ambulettes.
Accordingly, the Supreme Court should have granted those branches of the petition which were to annul so much of the determination dated May 13, 2015, as denied 57 claims because [*3]they were improperly billed as ambulette transport claims. Additionally, the respondents do not dispute that OMIG continued to deny claims that were allegedly improperly billed as ambulette transport claims which were submitted after the prepayment review period, and provided essentially the same rationale for the denial of those claims. Accordingly, the court should have directed the respondents to identify the specific reasons for denying claims that were allegedly improperly billed as ambulette transport claims which were submitted by the petitioner for the period of January 12, 2015, through the date of commencement of this hybrid proceeding.
The parties' remaining contentions either are improperly raised for the first time on appeal or have been rendered academic in light of our determination.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court