Matter of Wildfeuer v American Bd. of Pediatrics, Inc. (2024 NY Slip Op 06144)

Matter of Wildfeuer v American Bd. of Pediatrics, Inc.

2024 NY Slip Op 06144

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653900/22 Appeal No. 3181 Case No. 2023-05121 

[*1]In the Matter of Olga Wildfeuer, M.D., Petitioner-Appellant,
v
The American Board of Pediatrics, Inc., Respondent-Respondent.

O'Connell & Aronowitz, P.C., Albany (Brian M. Culnan of counsel), for appellant.
Seyfarth Shaw LLP, New York (Robert T. Szyba of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about August 22, 2023, which granted respondent's cross-motion to dismiss the petition/complaint seeking to annul a June 21, 2022 decision of respondent upholding its decision to temporarily revoke petitioner's general pediatrics certification, and dismiss this hybrid article 78 proceeding, unanimously affirmed, without costs.
Whether a private association's determination of an individual's eligibility for membership is subject to judicial review is contingent upon a showing of economic necessity for membership and monopoly power over the profession (see Matter of Wachsman v Medical Socy. of State of N.Y., 128 AD2d 789, 789 [2d Dept 1987]). Supreme Court correctly concluded that petitioner failed to adequately allege either element. Accordingly, the petition does not sufficiently allege that respondent's determination temporarily revoking petitioner's certification constitutes state action (see Matter of Salter v New York State Psychological Assoc., 14 NY2d 100, 104-107 [1964]).
Furthermore, although arbitrary action of a private association may still be subject to judicial scrutiny (see Jacobson v New York Racing Assn., 33 NY2d 144, 150 [1973]; Caposella v Pinto, 265 AD2d 362, 363 [2d Dept 1999]; Thornton v American Kennel Club, 182 AD2d 358, 358 [1st Dept 1992]), Supreme Court correctly concluded that the documentary evidence submitted in support of the motion to dismiss, considered with the petition itself and the exhibits submitted with it, establish that respondent's determination was not arbitrary or inconsistent with its own rules.
Because petitioner failed to adequately allege that respondent's determination constituted state action, Supreme Court properly dismissed the cause of action alleging that respondent had violated her right to due process (see Sumner v Hogan, 73 AD3d 618, 620 [1st Dept 2010]; Thornton, 182 AD2d at 358-359). In any event, as the court found, petitioner was given adequate notice and an opportunity to be heard (see Tyk v New York State Educ. Dept., 19 AD3d 427, 428-429 [2d Dept 2005], appeal dismissed 5 NY3d 823 [2005]) .
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024